PEOPLE *v.* ROCHA

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 September 7, 1971, at Detroit. (Docket No. 9476.) Decided September 28, 1971. Leave to appeal denied, 387 Mich 783.

Richard Rocha was convicted of accepting the earnings of a prostitute without consideration. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

Per Curiam. After a jury trial the defendant was convicted of accepting the earnings of a prostitute without consideration. MCLA § 750.457 (Stat Ann 1954 Rev § 28.712). He now appeals raising several issues.

The defendant contends that the trial court erred in refusing to give a requested jury instruction. The defendant's theory of the case was that he received the prostitute's money under an agreement that he would provide such things as clothing and a car and return any surplus to her. The defendant requested an instruction upon this theory of disinterested altruism which he labels a bailment theory. The trial court instructed the jury that if the money was received under this arrangement and any surplus was in fact returned then the defendant was not guilty. The defendant requested a supplementary instruction to the effect that if the defendant intended to return any surplus he was not guilty whether or not the surplus had been returned. The trial court refused this request and the defendant assigns this refusal as error.

Standing alone the refusal to give the instruction might be considered reversible error. However, the jury instructions must be read as a whole, *People* v. *Dye* (1959), 356 Mich 271, and a refusal to give an instruction is not reversible error when the substance of the instruction has been given in another portion of the charge. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. On numerous occasions the trial court informed the jury that to find guilt they must find that the defendant intended to make a profit. A reading of the instruction as a whole indicates that the jury was informed that if the defendant was merely holding the prostitute's money with the intent to return any funds that were not spent on her the defendant was not guilty.

The defendant's second contention is that the trial court erred by repeating certain portions of the statute and over-emphasizing certain portions of the prosecution's case. The record does not support defendant's contention. As has already been stated,

jury instructions must be read as a whole and when this is done it appears that the trial court correctly and fairly instructed the jury as to applicable law.

The defendant's final issue was not raised at the trial level and in the absence of a miscarriage of justice will not be reviewed on appeal. *People* v. *Larry Smith* (1971), 31 Mich App 191; *People* v. *Wright* (1970), 23 Mich App 330.

Affirmed.