PEOPLE v MURRY

Docket No. 50231. Submitted April 13, 1981, at Lansing.—Decided
August 18, 1981. Leave to appeal applied for.

Sheldon D. Murry was convicted at a bench trial in Bay Circuit
Court of kidnapping and first-degree criminal sexual conduct.
Following trial, he pled guilty to a supplemental information
charging him with being an habitual offender and was sen-
tenced, John X. Theiler, J. Defendant appeals. *Held:*

1. It was not error for the prosecutor to attempt to rehabili-
tate the complainant through the use of her prior inconsistent
statements and references to polygraph examinations before
her testimony had been impeached by defense counsel because
complainant was a res gestae witness whom the prosecutor was
required to produce and because of the prosecutorial duty to
disclose any information that could materially affect the credi-
bility of a prosecution witness.

2. No error occurred when the complainant made mention of
a polygraph exam during her testimony.

3. Remand for resentencing before a judge who has not heard

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses §§ 647, 648.
Effect of Rule 801 (d) (1) (B) of the Federal Rules of Evidence upon
the admissibility of a witness' prior consistent statement. 47 ALR
Fed 639.
Admissibility, for purpose of supporting impeached witness, of prior
statements by him consistent with his testimony. 75 ALR2d 909.

[2] 81 Am Jur 2d, Witnesses §§ 469, 481.

[3] 23 Am Jur 2d, Depositions and Discovery §§ 315, 317.

[4, 5] 5 Am Jur 2d, Appeal and Error § 948.
29 Am Jur 2d, Evidence §§ 831, 831.5.

[6, 7] 1 Am Jur 2d, Abduction and Kidnapping §§ 9, 12.
Seizure or detention for purpose of committing rape, robbery, or
similar offense as constituting separate crime of kidnapping. 43
ALR3d 699.

[8] 1 Am Jur 2d, Abduction and Kidnapping §§ 11, 12.

[9] 21 Am Jur 2d, Criminal Law §§ 486-491.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7,
22.

the complainant's reference to a polygraph examination is not required.

4. Evidence introduced at trial was sufficient to support the kidnapping conviction.

5. The habitual offender conviction and defendant's sentence must be set aside because defendant's plea to that offense was not taken in accordance with the procedural requirements of GCR 1963, 785.7.

6. Defendant's sentence of 25 to 50 years imprisonment does not violate the "two-thirds rule" applicable to the indeterminate sentence act.

The first-degree criminal sexual conduct and kidnapping convictions are affirmed. The habitual offender conviction is vacated and the cause is remanded for further proceedings.

1. EVIDENCE — WITNESSES — PRIOR CONSISTENT STATEMENTS.

Prior consistent statements of a witness may not be introduced to bolster that witness's credibility until his or her credibility has been attacked.

2. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — PROSECUTING ATTORNEYS — IMPEACHMENT.

A prosecutor may cross-examine and impeach a res gestae witness whom he is required to produce at trial.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — DISCOVERY.

A prosecutor has a duty to disclose any information that could materially affect the credibility of a prosecution witness.

4. CRIMINAL LAW — EVIDENCE — POLYGRAPH EXAMINATION.

Mere reference by a complainant to the fact that a polygraph examination was taken does not give rise to reversible error where the reference was brief, inadvertent and isolated and was not pursued beyond the original mention of the test.

5. CRIMINAL LAW — EVIDENCE — POLYGRAPH EXAMINATION.

The mere mention of a polygraph by a witness does not require reversal where the record does not establish that the witness took a polygraph test, where no test results were introduced into evidence and where there was no intent to bolster the witness's credibility by use of the test results.

6. KIDNAPPING — ASPORTATION.

The asportation, or movement, element of the crime of kidnapping is not sufficiently proven if the evidence establishes only that the movement was merely incidental to the commission of another underlying, lesser criminal offense.

7. KIDNAPPING — ASPORTATION.

    A factor in considering whether the movement of a victim adequately constitutes the necessary legal asportation for kidnapping is whether the movement adds either a greater danger or threat thereof, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime.

8. KIDNAPPING — ASPORTATION — CONFINEMENT.

    The asportation necessary to establish kidnapping is sufficiently proven where a victim has been subjected to continued confinement long after the completion of an underlying offense and the confinement clearly increased the risk of harm to the victim beyond that incident to the underlying offense.

9. CRIMINAL LAW — HABITUAL OFFENDERS — GUILTY PLEAS — COURT RULES.

    A trial judge must adhere to the standards of the court rule governing the taking of guilty pleas when accepting a defendant's plea of guilty to an habitual offender information (GCR 1963, 785.7).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and T. M. BURNS and BEASLEY, JJ.

T. M. BURNS, J. Defendant appeals as of right his November 28, 1979, bench trial convictions of kidnapping and first-degree criminal sexual conduct. MCL 750.349; MSA 28.581, MCL 750.520b; MSA 28.788(2). On January 7, 1980, he was sentenced to concurrent terms of 25 to 50 years imprisonment for each conviction.

The complainant testified that she was walking in the middle of Linn Street in Bay City on June

27, 1979, at approximately 11:30 p.m. when she was accosted by defendant. Defendant, who had been walking on the sidewalk, joined the complainant in the street and asked her if she wished to purchase some marijuana or cocaine. The complainant expressed an interest in the cocaine and defendant accompanied her to the front porch of a house where one of her friends lived.

Once there, complainant and defendant smoked some marijuana. When defendant was unable to procure any cocaine, he asked the complainant if she wished to accompany him to his apartment. She refused his offer. Defendant then placed a gun to her head and again asked her to accompany him. He then placed the gun against her side and pulled her from the porch by her arm.

After leading the complainant for three of four blocks, defendant removed his jacket, placed it over her head, and spun her around several times. Keeping the jacket over her head, defendant led the complainant into the upstairs bedroom of a house, where, over a period of time of approximately 1-1/2 hours, he sexually assaulted the complainant.

During the direct examination of the complainant, the prosecutor was permitted to elicit, over an objection of the defense, the fact that the complainant had originally testified at the preliminary examination that she first met defendant on the front porch of her friend. The complainant stated that the reason that she had lied was that she did not want to mention the discussion that she had had with the defendant concerning the purchase of drugs. She further testified that she decided to tell the truth after she was informed that she would be required to undergo a polygraph test.

Although defendant did not testify at trial, a

police officer witness stated that defendant had told him that he had engaged in consensual sexual intercourse with the complainant.

Following trial, defendant pled guilty to a supplemental information that had been filed charging him with having been convicted of three prior felonies. On January 7, 1980, he was sentenced to a term of 25 to 50 years imprisonment.

Defendant first argues that the prosecutor erred in attempting to rehabilitate the complainant through the use of her prior inconsistent statements and references to polygraph examinations before her testimony had been impeached by defense counsel.

Prior consistent statements of a witness may not be introduced to bolster that witness's credibility until his or her credibility has been attacked. *People v Harris,* 86 Mich App 301, 305; 272 NW2d 635 (1978), *People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977). However, the complainant was a res gestae witness whom the prosecutor was required by law to produce at trial and who could therefore be cross-examined and impeached by the prosecutor. *People v White,* 401 Mich 482; 257 NW2d 912 (1977).

Further, the prosecutor's actions in this case more properly may be considered as undertaken pursuant to the prosecutorial duty to disclose any information that could materially affect the credibility of a prosecution witness. *People v Murray,* 54 Mich App 723; 221 NW2d 468 (1974), *People v Love,* 43 Mich App 608; 204 NW2d 714 (1972). Therefore, we find no error.

With regard to defendant's claim that error occurred when the complainant made mention of a polygraph exam during her testimony, we similarly find no reversible error.

Mere reference by a complainant to the fact that a polygraph test was taken does not give rise to reversible error when the reference was brief, inadvertent and isolated, and was not pursued beyond the original mention of the test. *People v Neal,* 83 Mich App 102; 268 NW2d 303 (1978). Where the record does not establish that the witness took a polygraph test, where no test results were introduced into evidence, and where there was no intent to bolster the witness's credibility by use of the test results, the mere mention of a polygraph by the witness does not require reversal. *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977). Finally, we note that in *People v Paffhousen,* 20 Mich App 346, 350; 174 NW2d 69 (1969), this Court declined to reverse a defendant's conviction under facts nearly identical to those in this case.

Defendant next claims that this cause should be remanded for resentencing before a judge who has not heard the complainant's references to any polygraph examination. We disagree.

In *People v Hale,* 72 Mich App 484; 250 NW2d 103 (1976), this Court held that a trial judge should disqualify himself from ruling on a defense motion where the grant or denial of the motion rests in substantial part upon the credibility of the witness whom the trial judge knows has taken a polygraph examination. However, we find *Hale* to be distinguishable.

Unlike the situation in *Hale* and the cases cited therein, in the instant case the trial judge was not made aware of the results of the polygraph examination and the record does not indicate that such an examination was even conducted. The mere passing reference or mere mention of a polygraph test does not automatically give rise to prejudice

necessitating reversal. Because all references to the possible polygraph examination by the complainant were fleeting and unsubstantial, we decline to reverse defendant's conviction.

Defendant next argues that the evidence introduced at trial was insufficient to support his conviction of kidnapping. Defendant contends that the evidence in this case shows the commission of only a single crime, criminal sexual conduct, and that any confinement of the complainant was only incidental to this crime and cannot be punishable as a separate crime.

In *People v Adams*, 389 Mich 222, 236; 205 NW2d 415 (1973), the Michigan Supreme Court held that evidence of the asportation element of kidnapping was not sufficient if it established only that the movement was "merely incidental" to the commission of another underlying, lesser criminal offense:

"If the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adequately constitutes the necessary legal asportation, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime." *Id.*, 238.

After examining the evidence in this case, the trial judge found that the asportation in this case was not merely incidental to the sexual assault. We agree. Although the underlying offense was facilitated by the movement and confinement of complainant to defendant's bedroom, the record indicates that defendant continued to hold her against her will after he had completed the several sexual assaults and that he released her only after

she convinced him that she would not report the incident to the police.

In *People v Friday,* 98 Mich App 522; 296 NW2d 618 (1980), this Court held that continued confinement after the underlying offense had been completed is not considered incidental to that offense. Further, the movement of the complainant to a location that was completely unknown to her, and that was totally within the control of the defendant, increased the likelihood of serious injury to her than that which would have been the case had the crime occurred at the site where she was first accosted by the defendant. See *People v Barker,* 411 Mich 291; 307 NW2d 61 (1981), *People v Lynn,* 91 Mich App 117, 125-126; 283 NW2d 664 (1979). Therefore, we cannot say that the trial judge's findings are clearly erroneous and that the evidence is insufficient to support defendant's kidnapping conviction.

We are persuaded by the merit in defendant's argument that his habitual offender conviction must be set aside because his plea to that offense was not taken in accordance with the procedural requirements of GCR 1963, 785.7. *People v Stevens,* 88 Mich App 421, 427; 276 NW2d 910 (1979). In accepting a defendant's plea of guilty to an habitual offender information, a trial judge must adhere to the standards of the court rule just as would be required in a taking of any other guilty plea. Because defendant's plea in this case was taken after the opinion of this Court in *Stevens* was released, we must vacate defendant's plea and remand this cause for further proceedings. Any reinstitution of this charge on remand shall be in accordance with the opinion of the Supreme Court in *People v Young,* 410 Mich 363; 301 NW2d 803 (1981).

In vacating defendant's habitual offender conviction we also set aside his sentence of 25 to 50 years imprisonment. However, we parenthetically note that defendant's argument that this sentence was improper because it violates in principle the "two-thirds rule" of *People v Tanner,* 387 Mich 683, 689; 199 NW2d 202 (1972), is incorrect. *Tanner* provides:

"We recognize that by virtue of the regular good time provision alone the defendant herein *might* actually serve a minimum of only 10 years, 9 months, and 12 days. However, we are of the opinion that a sentence either does or does not comply with the indeterminate sentence act, irrespective of the effect of special remedial provisions such as those granting regular and special good time." (Emphasis in original. Footnote omitted.)

Defendant's first-degree criminal sexual conduct and kidnapping convictions are affirmed. His conviction of being an habitual offender is vacated. This cause is remanded for further proceedings.