PEOPLE v BROWNRIDGE

Docket No. 69614. Decided October 26, 1982. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Bernard Brownridge was convicted by a jury of larceny in a building. Thereafter, he pled guilty in the Kent Circuit Court, Roman J. Snow, J., of being a third-felony offender. The Court of Appeals, Bronson and Cynar, JJ. (Danhof, C.J., dissenting), granted the defendant's motion for peremptory reversal of the habitual offender conviction on the ground that the trial court failed to comply with the procedure prescribed by the court rules for acceptance of a plea of guilty, and remanded the case for further proceedings (Docket No. 55078). The people appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The same evidentiary and procedural rules which apply during a trial apply to an habitual offender proceeding. A plea of guilty of being an habitual offender may be accepted only after the trial court has complied with the procedure prescribed by the court rules for acceptance of pleas of guilty or nolo contendere.

Affirmed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth* for the defendant.

PER CURIAM. In this case the Court of Appeals reversed the defendant's conviction of being an habitual offender because the trial court did not comply with the requirements of GCR 1963, 785.7 in accepting the defendant's plea of guilty to that charge. We agree with the disposition of the Court of Appeals.

I

On May 29, 1980, the defendant was convicted by a jury of larceny in a building. Immediately thereafter the defendant was arraigned on a supplemental information charging him as a third-felony offender.[1] Both defendant and his attorney acknowledged that it was the defendant's desire to plead guilty to this charge. The following colloquy then took place between the trial court and the defendant:

"*[The Court:]* Now you have a right to be tried as to the truth of these allegations, the two previous felony convictions and the third felony conviction on which the jury returned a verdict today. Do you understand that?

"*The Defendant:* Yes, sir.

"*The Court:* You have a right to a trial by jury or to a trial by this court sitting without a jury. Do you understand that?

"*The Defendant:* Yes, sir.

"*The Court:* Are you the person named in the information?

"*The Defendant:* Yes, sir.

"*The Court:* With respect to all three of these charges?

"*The Defendant:* Yes, sir.

"*The Court:* Do you want a trial by jury with respect to this charge of being a third-felony offender?

"*The Defendant:* No. I wish to waive that.

"*The Court:* Do you want a trial by this court sitting without a jury with respect to the charge of being a third-felony offender?

"*The Defendant:* Yes, sir.

"I'm sorry. I didn't understand exactly what you're saying.

"*The Court:* Do you want a trial by this court sitting

---

[1] MCL 769.12; MSA 28.1084.

without a jury with respect to this charge of being a third-felony offender?

"*The Defendant:* No.

"*The Court:* Do you wish to waive your right to a trial by jury or a trial by this court sitting without a jury and enter a plea to the charge that has been read to you?

"*The Defendant:* Yes, sir.

"*The Court:* How do you plead with respect to the charge of being a third-felony offender?

"*The Defendant:* Guilty.

"*The Court:* Do you understand with respect to this charge that you could be sentenced to up to eight years in prison?

"*The Defendant:* Yes, sir.

"*The Court:* Knowing and understanding that, do you wish to maintain your plea of guilty?

"*The Defendant:* Yes, sir.

"*The Court:* All right. I will accept your plea of guilty. I will defer imposition of sentence pending a presentence investigation by the probation department."

On September 4, 1980, the defendant was sentenced to a term of two to eight years in prison.

The defendant appealed to the Court of Appeals. He also filed a motion for peremptory reversal, citing the failure of the trial court to comply with the provisions of GCR 1963, 785.7 when it accepted his plea of guilty. The Court of Appeals issued an order which provided in relevant part:

"It is ordered that the motion for peremptory reversal be, and the same is hereby granted. The defendant's conviction as an habitual offender is vacated. The cause is remanded for further proceedings in accord with *People v Murry,* 108 Mich App 679; 310 NW2d 836 (1981), and *People v Stevens,* 88 Mich App 421; 276 NW2d 910 (1979)."

The prosecutor has applied for leave to appeal.

## II

In *People v Stevens,* 88 Mich App 421; 276 NW2d 910 (1979), the Court of Appeals ruled that the admonitions set forth in GCR 1963, 785.7, which prescribes the advice which must be given to a defendant who pleads guilty of an offense, must also be given to a defendant who pleads guilty to a charge of being an habitual offender. The Court of Appeals contrasted a plea of guilty to a charge of being an habitual offender with a plea of guilty of probation violation, reasoning:

"The habitual offender proceeding, like an ordinary criminal trial, is a critical stage of a criminal prosecution. See *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971); *People v Burton,* 44 Mich App 732; 205 NW2d 873 (1973). Defendants in both instances have the right to a trial by jury, MCL 769.13; MSA 28.1085, and the prosecution must prove the charges by proof beyond a reasonable doubt. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976), *lv den* 402 Mich 843 (1977). Furthermore, the habitual offender proceeding is subject to the same evidentiary and procedural rules as a regular trial, MCL 769.13; MSA 28.1085. A probation revocation hearing is *not* a stage of a criminal prosecution *[People v Rial,* 399 Mich 431, 435; 249 NW2d 114 (1976)]. Defendant does *not* have the right to a jury trial, *People v Gladdis,* 77 Mich App 91, 96; 257 NW2d 749 (1977), and the violation need only be proven by a preponderance of the evidence. *People v Miller,* 77 Mich App 381, 387; 258 NW2d 235 (1977). Moreover, the revocation proceeding is deemed to be summary and informal, and the normal evidentiary and procedural rules of a criminal trial are *not* applicable. *Rial, supra,* 436." 88 Mich App 426-427.

The Court then went on to conclude that with the

exception of the advice set forth in subsections (1)(c) and (e) of GCR 1963, 785.7, the advice contained in the rule must be given in an habitual offender context where the defendant elects to plead guilty.

The Court of Appeals decision in *Stevens* was followed by another panel of the Court of Appeals in *People v Murry,* 108 Mich App 679; 310 NW2d 836 (1981). In the earlier decision of *People v Parker,* 50 Mich App 537; 213 NW2d 576 (1973), however, a panel of the Court of Appeals had concluded that a trial court need not advise a defendant who pled guilty to an habitual offender charge of the rights which a defendant who pled guilty to some other charge would be notified of.

### III

We have said that the habitual offender provisions of the Code of Criminal Procedure do not create a distinct criminal offense, but rather provide for enhanced punishment for the current offense. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976). Nevertheless, as the Court of Appeals noted in *Stevens, supra,* a defendant must be *charged* with being an habitual offender; he must enter a plea in response to the charge; he has a right to a jury trial; the prosecution must prove its case beyond a reasonable doubt; and the same evidentiary and procedural rules which are applicable at a trial are also applicable in the habitual offender situation. Furthermore, the end result of an habitual offender proceeding is very often a lengthy prison sentence.

In light of the foregoing factors, we are convinced that the Court of Appeals panels in *Stevens, Murry,* and the instant case reached the

correct result in applying GCR 1963, 785.7 to habitual offender proceedings. Moreover, we agree with the conclusion of the Court of Appeals in *Stevens* that because of the nature of habitual offender proceedings, the advice set forth in subsections (1)(c) and (e) of GCR 1963, 785.7 need not be given.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.