PEOPLE v BENDER

Docket No. 60026. Submitted October 8, 1982, at Lansing.—Decided April 5, 1983.

Charles M. Bender was charged with attempted breaking and entering of a building with the intent to commit a larceny, felonious assault, and being an habitual offender (second offense), Livingston Circuit Court. Defendant was tried by a jury on the two principal charges. While the jury was deliberating, defendant waived his right to trial on the habitual offender charge and stated he would plead guilty to that charge if the jury found him guilty on one or both of the principal charges. Subsequently, the jury convicted defendant on the attempted breaking and entering charge but acquitted him on the felonious assault charge. Immediately after the jury was discharged, defendant pled guilty to the habitual offender charge. Defendant was sentenced to a term of from 4 to 7-1/2 years in prison, Bert M. Hensick, J. He appealed. *Held:*

1. Defendant requested a specific Criminal Jury Instruction concerning the number of witnesses for each side. No reversible error occurs in the omission of a requested jury instruction where the charge as a whole covers the substance of the omitted instruction, fairly presents the issues to be tried and sufficiently protects the rights of the defendant. The instructions as a whole were sufficient so as not to deprive defendant of a fair trial.

2. Defendant alleged that the court should have directed a verdict of acquittal on the felonious assault charge since he was charged with assault with an aerosol spray can. Whether an aerosol spray can was used as a dangerous weapon is a question

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 846.
[2] 6 Am Jur 2d, Assault and Battery § 53.
[3] 21 Am Jur 2d, Criminal Law §§ 471-473.
  Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.
  Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

of fact for the jury. The court did not err in refusing to direct a verdict on the felonious assault charge.

3. A trial court must inform a defendant who is pleading guilty that he has a right to be presumed innocent, that the prosecution must prove his guilt beyond a reasonable doubt, and that by pleading guilty he is waiving these rights. Guilty-plea forms purporting to inform the defendant of these rights may not be substituted for informing the defendant personally. The plea-taking procedure was defective.

Affirmed as to the attempted breaking and entering conviction, reversed as to the habitual criminal conviction and remanded.

1. TRIAL — JURY INSTRUCTIONS — APPEAL.

No reversible error occurs in the omission of a requested jury instruction where the charge as a whole covers the substance of the omitted instruction, fairly presents the issues to be tried, and sufficiently protects the rights of the defendant.

2. ASSAULT AND BATTERY — DANGEROUS WEAPON — AEROSOL SPRAY CAN.

Whether an aerosol spray can was used as a dangerous weapon is a question of fact for the jury; an aerosol spray can is not precluded as a matter of law from being a dangerous weapon.

3. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS FORMS.

A trial court must inform a defendant who is pleading guilty that he has a right to be presumed innocent, that the prosecution must prove his guilt beyond a reasonable doubt, and that by pleading guilty he is waiving these rights; guilty-plea forms purporting to inform defendant of these rights may not be substituted for informing the defendant personally.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank R. Del Vero,* Prosecuting Attorney, for the people.

*Lobur & Hensick, P.C.* (by *John S. Lobur),* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

M. J. KELLY, J. Defendant was charged with attempted breaking and entering of a building with the intent to commit a larceny, MCL 750.92, 750.110; MSA 28.287, 28.305, felonious assault, MCL 750.82; MSA 28.277, and being an habitual offender (second offense), MCL 769.10; MSA 28.1082. Defendant was tried by a jury on the two principal charges. While the jury was deliberating, defendant waived his right to trial on the habitual offender charge and stated he would plead guilty to that charge if the jury found him guilty on one or both of the principal charges. Subsequently, the jury convicted defendant on the attempted breaking and entering charge but acquitted him on the felonious assault charge. Immediately after the jury was discharged, defendant pled guilty to the habitual offender charge. Defendant was sentenced to a term of from 4 to 7-1/2 years in prison. He appeals as of right.

On appeal, defendant argues that the trial court erred by failing to give CJI 5:1:02 in its charge to the jury. CJI 5:1:02 cautions:

"You should not decide this case on the basis of which side presented the greater number of witnesses. You have the obligation to decide the believability of all witnesses and evidence, and whether the believed testimony and evidence proves guilt beyond a reasonable doubt."

In the instant case, defendant called only himself and one other witness, an expert, on his behalf. The prosecution presented eight witnesses. Defense counsel requested that CJI 5:1:02 be given.

Under Michigan law, the number of witnesses which a party produces at trial is quite irrelevant in determining where the truth lies. *People v Phillip Phillips,* 112 Mich App 98, 109-110; 315

NW2d 868 (1982). To effectuate this policy and ensure that those accused of crimes in this state receive fair trials, CJI 5:1:02 has been made a part of Michigan's Standard Criminal Jury Instructions. This instruction correctly states the law in Michigan. See *Phillips, supra,* p 110.

It is the function of a trial court to inform the jury of the law by which its verdict must be controlled. *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975). An accused has a right to have the jury pass upon the evidence under proper instructions. *Lambert, supra,* p 304. Thus, when a defendant requests that CJI 5:1:02 be given to the jury and the circumstances at trial warrant its inclusion in the court's charge the instruction should be given.

There is some dispute between the parties as to whether defense counsel properly preserved this issue for review by positively noting an objection. Counsel merely inquired of the court if the court had included the instruction when it charged the jury. The court responded that it had inadvertently left out that instruction and counsel did not expressly object to its omission. Later, the jury twice requested a reiteration of the instructions relating to felonious assault and counsel for defendant did not object at either of those times or urge the giving of CJI 5:1:02 in additon to the instructions requested by the jury.

Assuming that defendant did properly object to the omission of CJI 5:1:02, the instructions must be viewed in their entirety in order to determine if reversible error occurred. *People v Owens,* 108 Mich App 600; 310 NW2d 819 (1981), *lv den* 412 Mich 866 (1981). Even though the instructions may be somewhat imperfect, there is no error if they "fairly presented to the jury the issues to be tried

and sufficiently protected the rights of [the] defendant". *People v Kalder,* 284 Mich 235, 241-242; 279 NW 493 (1938). No error results from the omission of an instruction if the charge as a whole covers the substance of the omitted instruction. *People v Derrick Bradley,* 62 Mich App 39; 233 NW2d 177 (1975); *People v Rocha,* 36 Mich App 132; 193 NW2d 198 (1971), *lv den* 387 Mich 783 (1972).

In the instant case, the court did instruct the jury to determine the credibility of the witnesses taking into account their ability and opportunity to observe memory, demeanor, age, any interests or bias, and the reasonableness or unreasonableness of their testimony. The jury was instructed that it was to determine the weight to be given the tesimony of all the witnesses and that the testimony of a police officer should not be given any greater weight than that of any other witness. It does not appear that the number of the witnesses was called to the attention of the jury in such a fashion as to give the impression that numerical preponderance redounded to the benefit of the prosecutor's case. On the facts of this case, we decline to find the error of omission deprived defendant of a fair trial and we therefore decline to reverse. We find the error harmless under GCR 1963, 529.1 and we decline to reverse under MCL 769.26; MSA 28.1096, as in our opinion, after an examination of the entire cause, it does not appear that the error complained of has resulted in any miscarriage of justice.

Defendant argues next that the trial court erred in denying his motion for a directed verdict on the felonious assault charge. MCL 750.82; MSA 28.277 provides:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or

other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

Defendant argues that, since he was charged with committing the assault only with an aerosol spray can containing Chlorobenzalmalonomatrile, he did not commit the assault with a "dangerous weapon" as a matter of law.

If such an aerosol spray container is, as a matter of law, not a dangerous weapon, reversible error may have occurred in allowing the jury to consider the felonious assault charge. See *People v Vail,* 393 Mich 460, 464; 227 NW2d 535 (1975). We decline to hold, however, that as a matter of law such an aerosol spray can is not a dangerous weapon. Rather, whether the aerosol spray can was in fact used as a dangerous weapon was a question of fact for the jury to determine as the finder of fact. Accord, *People v Buford,* 69 Mich App 27; 244 NW2d 351 (1976) (reaching the same result as to a boot); *People v Ragland,* 14 Mich App 425; 165 NW2d 639 (1968), *lv den* 383 Mich 781 (1970) (same result as to a flashlight).

Defendant argues next that the trial court failed to adequately comply with GCR 1963, 785.7, in accepting his plea of guilty on the habitual offender charge. GCR 1963, 785.7 must be complied with when a court accepts a plea of guilty to an habitual offender charge. *People v Stevens,* 88 Mich App 421, 427; 276 NW2d 910 (1979) (2-1 decision), *lv den* 408 Mich 948; 292 NW2d 697 (1980); *People v Murry,* 108 Mich App 679, 686; 310 NW2d 836 (1981), *lv den* 413 Mich 942 (1982).

While the jury was deliberating on the two principal charges, defendant informed the court that if a guilty verdict was returned on either of

the principal charges then defendant would plead guilty to the habitual offender charge. Defense counsel assured the court that defendant was "mindful of all his rights" and counsel specifically listed a number of rights which defendant was aware that he was waiving. The court asked defendant if he was aware that he was waiving other rights and defendant indicated that he was. The court then gave defendant a printed rights form, which defendant reviewed with his counsel and signed. After the jury returned a guilty verdict on the breaking and entering charge, defendant acknowledged having a previous conviction and returned the signed rights form to the court. He acknowledged reviewing the form with his counsel and that he wished to plead guilty. After defendant assured the court that he had no questions, the court accepted defendant's plea.

Although defendant was not personally advised of a number of his rights by the trial court, defense counsel's on-the-record statement of some of defendant's rights satisfies the requirement that the trial court "personally address" the defendant as to those rights. See *Guilty Plea Cases,* 395 Mich 96, 114; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). As long as defendant is orally informed in open court of his rights and the trial court can personally observe defendant's demeanor and responses, the purpose of the personally address requirement is achieved. See *Guilty Plea Cases, supra,* p 114. Nor is it fatal to the plea that defendant was informed of his rights before the jury returned a guilty verdict on the principal charge. As noted by our Supreme Court:

"[A] recital of rights to one defendant by one judge on one day, may suffice as a recital of rights to that same

defendant by the same judge on that same day in another case." *Guilty Plea Cases, supra,* pp 121-122.

The fact that the recital of rights was made to the defendant hours before his formal plea was accepted would not constitute noncompliance with GCR 1963, 785.7 if the recital contained a sufficiently complete list of rights.

However, neither defense counsel, the prosecutor, nor the court mentioned to defendant his rights to be presumed innocent until proven guilty, GCR 1963, 785.7(1)(g)(iii), and to have the prosecution prove beyond a reasonable doubt that he is guilty, GCR 1963, 785.7(1)(g)(iv). The right to be presumed innocent is of preeminent importance and, therefore, a defendant must be informed of this right on the record or his plea is constitutionally defective. *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972); *Guilty Plea Cases, supra,* pp 120-121. Our review of the record discloses that, other than in the plea-taking form, defendant was not personally informed, precisely or imprecisely, of his right to be presumed innocent.

In *People v Lockett,* 111 Mich App 405, 408; 314 NW2d 640 (1981), this Court held that a guilty-plea form cannot be used as a substitute for the requirement that a court personally inform a defendant of a *Jaworski* right. This holding was in direct contradiction to an earlier decision of this Court in *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980). Our *Lockett* decision was followed in *People v Lee,* 112 Mich App 194; 315 NW2d 896 (1982). Subsequently, by means of an order, the Supreme Court reversed our decision in *Lockett,* finding that "the judge's advice on the record demonstrates that the defendant was sufficiently advised of his right of confrontation". *People v Lockett,* 413 Mich 868; 318 NW2d 31 (1982).

The Supreme Court made no mention of the propriety of using a plea-taking form to inform a defendant of his *Jaworski* rights. The Supreme Court's brief order in *Lockett* leaves us without any guidance as to whether the use of plea-taking forms is proper. We do not know whether the Supreme Court's brief statement in *Lockett* was directed at plea-taking forms or some oral advice by the trial judge. We surmise that the transcript lent itself to an interpretation that led the Supreme Court to conclude that the *Jaworski* rights were in fact covered by the trial judge's oral advice. We surmise that the court was not approving the use of guilty plea forms to supply advice of *Jaworski* rights. We choose, therefore, to adhere to our position in *Lockett* and *Lee* that guilty-plea forms cannot be used to inform a defendant of his *Jaworski* rights. Since defendant was not personally informed of his right to be presumed innocent, his plea is constitutionally defective and must be vacated.

Defendant's attempted breaking and entering conviction is affirmed. His habitual offender plea is vacated. Remanded.