## PEOPLE v VOSS

Docket No. 69763. Submitted January 5, 1984, at Grand Rapids.—
Decided March 21, 1984.

Timothy J. Voss was convicted, on his pleas of guilty, of third-degree criminal sexual conduct and of being an habitual offender, Grand Traverse Circuit Court, Charles M. Forster, J. The defendant appealed, alleging that the trial court erred in not informing him of his constitutional rights before accepting his plea of guilty to the charge of being an habitual offender, and that he was improperly charged under the habitual offender statute rather than under the provision in the criminal sexual conduct statute providing for enhancement of a defendant's sentence for subsequent convictions of criminal sexual conduct. *Held:*

1. The trial court did not err in not repeating the rights that the defendant was waiving by pleading guilty to the habitual offender charge. The single full recital of the defendant's rights at the time that the defendant pled guilty to criminal sexual conduct and the court's statement to the defendant that those rights applied to the supplemental charge constituted compliance with the court rule requiring that a defendant be informed of his rights before the court accepts a plea of guilty.

2. Error did not result from the defendant's being charged under the habitual offender statute rather than the provision allowing for sentence enhancement in the statute on criminal sexual conduct. The two statutes do not conflict with each other. The Legislature did not intend that the enhancement provision in the statute on criminal sexual conduct be the exclusive statute governing enhancement of sentences where a defendant has a prior record of convictions for criminal sexual conduct.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 473 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 473.

[3, 4] 73 Am Jur 2d, Statutes § 257.

1. Criminal Law — Guilty Pleas — Habitual Offenders — Court Rules.

A court, when accepting a defendant's plea of guilty to an habitual offender charge, must comply with the court rule concerning pleas of guilty (GCR 1963, 785.7).

2. Criminal Law — Guilty Pleas — Court Rules.

A court's single full recital of the rights a defendant is waiving by a plea of guilty and the court's statement to the defendant that those rights applied to a supplemental habitual offender charge suffices as a recital of rights to the same defendant on the supplemental habitual offender charge (GCR 1963, 785.7).

3. Statutes — Judicial Construction.

It is a rule of statutory construction that, where two statutes appear to be in conflict, the specific statute enacted subsequent to the more general statute prevails.

4. Criminal Law — Habitual Offenders — Criminal Sexual Conduct.

The habitual offender statute and the criminal sexual conduct statute do not conflict with each other with regard to the provisions in each for permitting enhanced sentences for those persons with prior convictions (MCL 750.520f, 769.10; MSA 28.788[6], 28.1082).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. Foresman,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Coulter, Cunningham, Davison & Read* (by *Terrence J. Raven),* for defendant on appeal.

Before: R. B. Burns, P.J., and V. J. Brennan and J. T. Kallman,* JJ.

V. J. Brennan, J. Defendant, Timothy Joseph Voss, was originally charged with first-degree criminal sexual conduct, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). The information was amended to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

add one count of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). A habitual offender supplemental information was also filed, MCL 769.10; MSA 28.1082. Pursuant to a plea bargain, defendant pled guilty to third-degree criminal sexual conduct and to the habitual offender charge. He was sentenced to a term of 10 to 22-1/2 years in prison and appeals as of right.

Defendant's first claim is that the trial court failed to comply with the mandates of GCR 1963, 785.7, subds (1) and (2) because the trial court did not inform him of his constitutional rights before taking defendant's plea on the supplemental charge.

When a court accepts a defendant's plea of guilty to a habitual offender charge, the court must comply with GCR 1963, 785.7. *People v Brownridge,* 414 Mich 393, 397-398; 325 NW2d 125 (1982) (785.7, subds [1][c] and [1][e] need not be given); *People v Bender,* 124 Mich App 571, 576; 335 NW2d 85 (1983).

There is no dispute that, in association with the criminal sexual conduct charge, the trial court complied with the requirements of GCR 1963, 785.7 and fully informed defendant of his rights. After so doing, the prosecutor mentioned to the court that defendant should be advised that these rights apply to both the supplemental and the original charges. The court agreed.

After the factual basis for the original charge was established, the trial court informed defendant that:

"All the constitutional rights that I have gone over with you also apply to the supplemental charge. Do you understand that Mr. Voss?"

The defendant replied affirmatively.

Defendant now claims that the trial court's statement was not sufficient to apprise him of his rights under GCR 1963, 785.7. We disagree.

In *Bender, supra,* while the jury was deliberating on the principal charges, defendant informed the court that he would plead guilty to the habitual offender charge if the jury returned a verdict of guilty. The Court stated:

"Although defendant was not personally advised of a number of his rights by the trial court, defense counsel's on-the-record statement of some of defendant's rights satisfied the requirement that the trial court "personally address" the defendant as to those rights. See *Guilty Plea Cases,* 395 Mich 96, 114; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). As long as defendant is orally informed in open court of his rights and the trial court can personally observe defendant's demeanor and responses, the purpose of the personally address requirement is achieved. See *Guilty Plea Cases, supra,* p 114. Nor is it fatal to the plea that defendant was informed of his rights before the jury returned a guilty verdict on the principal charge. As noted by our Supreme Court:

" '[A] recital of rights to one defendant by one judge on one day, may suffice as a recital of rights to that same defendant by the same judge on that same day in another case.' *Guilty Plea Cases, supra,* pp 121-122.

"The fact that the recital of rights was made to the defendant hours before his formal plea was accepted would not constitute noncompliance with GCR 1963, 785.7 if the recital contained a sufficiently complete list of rights." 124 Mich App 577-578.

In the case at bar, we believe that the single full recital of rights to defendant and the court's statement to defendant that those rights applied to the supplemental charge constituted compliance with

the mandates of *Brownridge, supra.* There was no error.

Defendant's second claim is that he was improperly charged under the habitual offender statute rather than under the provision in the criminal sexual conduct statute providing for sentence enhancement, MCL 750.520f; MSA 28.788(6), which states:

"Second or subsequent offenses

"(1) If a person is convicted of a second or subsequent offense under section 520b, 520c, or 520d, the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of at least 5 years.

"(2) For purposes of this section, an offense is considered a second or subsequent offense if, prior to conviction of the second or subsequent offense, the actor has at any time been convicted under section 520b, 520c, or 550d or under any similar statute of the United States or any state for a criminal sexual offense including rape, carnal knowledge, indecent liberties, gross indecency, or an attempt to commit such an offense." (Footnote omitted.)

Defendant failed to object to the supplemental charge before, or at, the plea proceedings. In *People v Hatch,* 126 Mich App 399, 406; 337 NW2d 79 (1983), the Court applied the manifest injustice standard to review such an allegation of error in the absence of an objection.

"It is a rule of statutory construction that where two statutes are or appear to be in conflict, the specific statute, enacted subsequent to the more general statute, prevails." *People v McFadden,* 73 Mich App 232, 235; 251 NW2d 297 (1977).

The habitual offender statute, MCL 769.10; MSA

28.1082, under which defendant was charged, allows sentence augmentation of the *maximum* prison term. The criminal sexual conduct statute only provides enhancement of the minimum term with a five-year mandatory minimum sentence. However, this statute is silent on enhancement of the maximum sentence. Therefore, we do not believe that the Legislature intended MCL 750.520f; MSA 28.788(6) to be the exclusive statute governing enhancement of sentences when a defendant has a prior record of criminal sexual conduct convictions. In our opinion, the habitual offender statute and the criminal sexual conduct statute do not conflict with each other. Furthermore, it is not necessary to file a supplemental information when a defendant is sentenced pursuant to MCL 750.520f; MSA 28.788(6). *People v Bailey,* 103 Mich App 619, 626; 302 NW2d 924 (1981).

The cases that defendant relies upon are distinguishable on their facts and by the statutes involved. Those cases apply to the trial court's use of both the habitual offender statute and the sentence enhancement provision in the controlled substances act, the former MCL 335.348; MSA 18.1070(48) and now MCL 333.7413; MSA 14.15(7413). The controlled substances act provides for sentence enhancement of the *maximum* prison term and this specific statute directly conflicts with the general habitual offender statute which also provides for enhancement of the *maximum* term.

We also note that the habitual offender statutes, MCL 769.10(1)(c); MSA 28.1082(1)(c) and MCL 769.11(1)(c); MSA 28.1083(1)(c), specifically state that, if a subsequent felony is a major controlled substance offense, the person shall be punished under provisions of the controlled substances act.

However, the Legislature has not excluded punishment under the habitual offender statutes if a subsequent felony conviction is an offense proscribed under the criminal sexual conduct act.

We conclude that defendant's argument is without merit. There was no manifest injustice and defendant's sentence was proper.

Affirmed.