PEOPLE v CUELLAR

Docket No. 75906. Submitted October 5, 1984, at Lansing.—Decided
May 1, 1985.

Alberto Cuellar, Jr., was convicted on his pleas of guilty of
larceny in a building and of being a third-time felony offender,
Bay Circuit Court, William J. Caprathe, J. Defendant's guilty
pleas were offered simultaneously, pursuant to a single plea
agreement, in a single proceeding during which the trial court
advised him one time of his rights pursuant to GCR 1963,
785.7. Defendant appealed, alleging that the habitual offender
conviction should be set aside because the trial court did not
separately advise him of his rights. *Held:*

The trial court's single recitation of rights to the defendant
was not improper. The trial court clearly referred to defen-
dant's plea as an offer of two pleas and the defendant offered
the pleas simultaneously pursuant to a single plea bargain.

Affirmed.

R. L. Evans, J., dissented. He would hold that it is essential
that the record affirmatively show that the defendant was
informed that the rights recited to him applied to both the
substantive offense and to the habitual offender charge. The
record herein contains no such affirmative showing, thus he
would reverse the habitual offender conviction.

Opinion of the Court

1. Criminal Law — Guilty Pleas — Habitual Offenders — Re-
cital of Rights.

A trial court's single recital of rights to a defendant who was
pleading guilty in one proceeding to both a substantive charge
and to an habitual offender charge was proper where the trial
court clearly referred to the plea as an offer of two pleas and

References for Points in Headnotes

[1, 2] Am Jur 2d, Criminal Law § 473 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 17 *et
seq.*

Power of court to make or permit amendment of indictment with
respect to allegations as to prior convictions. 17 ALR3d 1265.

the defendant pled guilty to the two charges simultaneously pursuant to a single plea bargain.

DISSENT BY R. L. EVANS, J.

2. CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — RE-
   CITAL OF RIGHTS.

> *It is essential that the record affirmatively show that a defendant was informed that the rights recited to him by the judge applied to both the substantive offense and the habitual offender charge where the defendant pleads guilty to both a substantive offense and to an habitual offender charge in a single proceeding.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan),* for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Defendant was convicted on his pleas of guilty of larceny in a building, MCL 750.360; MSA 28.592, and of being a third-time felony offender, MCL 769.11; MSA 28.1083. He was sentenced to a term in prison of from five to eight years and appeals from his convictions as of right. We affirm.

Defendant submitted both guilty pleas at the same proceeding. He argues on appeal that his habitual offender conviction should be set aside because the trial court failed to separately advise him under GCR 1963, 785.7(1)(c). While we agree that in accepting a plea of guilty to an habitual offender charge the trial court must advise the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

defendant of the rights waived as enumerated in GCR 1963, 785.7, *People v Brownridge,* 414 Mich 393, 397-398; 325 NW2d 125 (1982), we conclude upon a reading of this plea-taking transcript that the trial court complied with that court rule in accepting the defendant's supplemental plea. Throughout the entire plea-taking proceeding, the trial court clearly referred to the defendant's plea as an offer of two pleas, at all times separately referring to the habitual offender plea. Unlike the defendant in *Brownridge,* defendant in this case simultaneously pled guilty to the principal and supplemental charges at a single proceeding pursuant to a single plea bargain. We conclude that the trial court's single recital of rights in this context was proper. *People v Voss,* 133 Mich App 73, 76-77; 348 NW2d 37 (1984). We further note that defendant was represented by able counsel and, in return for his plea, obtained dismissal of a pending absconding charge and another supplemental information.

Affirmed.

R. L. EVANS, J. *(dissenting).* I respectfully dissent.

In *People v Brownridge,* 414 Mich 393; 325 NW2d 125 (1982), the Court held that a plea of guilty to an habitual offender charge can only be accepted after compliance with the procedures specified in GCR 1963, 785.7 for acceptance of pleas of guilty. An habitual offender charge, however, does not charge a distinct criminal offense; conviction results merely in increased punishment for the underlying felony. *People v Hatt,* 384 Mich 302, 306-307; 181 NW2d 912 (1970); *People v Brownridge, supra,* 414 Mich 397.

A recital of rights by a judge to a defendant may suffice as a recital of rights by the same judge to

the same defendant on the same day in another case. *Guilty Plea Cases,* 395 Mich 96, 121-122; 235 NW2d 132 (1975). However, this familiar judicial technique of intertwining several guilty pleas in the same proceeding presented a special problem in the context of this case. A reasonable inference can be made that rights recited concerning one substantive offense apply to other substantive offenses, but a reasonable person would not necessarily infer that rights applicable to a substantive offense also apply to an habitual offender charge, which does not charge a distinct substantive offense. Although a defendant may not understand the peculiar nature of an habitual offender charge, it would be rash to assume that a defendant arrived at a correct understanding of his rights through a mistaken belief that an habitual offender charge is indistinguishable from a substantive charge. It is essential that the record affirmatively show that defendant was informed that the rights recited by the judge applied to both the substantive offense and the habitual offender charge. The record here contains no such affirmative showing.

The decision which the majority purports to follow, *People v Voss,* 133 Mich App 73; 348 NW2d 37 (1984), exposes the fallacy in the majority's argument. The *Voss* panel explained, at 133 Mich App 75-77:

"After the factual basis for the original charge was established, the trial court informed defendant that:

"'All the constitutional rights that I have gone over with you also apply to the supplemental charge. Do you understand that Mr. Voss?'

"The defendant replied affirmatively.

* * *

"In the case at bar, we believe that the single full

recital of rights to defendant *and the court's statement
to defendant that those rights applied to the supple-
mental charge* constituted compliance with the man-
dates of *Brownridge, supra.* There was no error." (Em-
phasis added.)

Without a statement like that on which the *Voss*
panel relied, there is no reason to suppose that
defendant drew the correct conclusion. Nothing
said by the circuit court here suggested that the
rights it recited applied to the habitual offender
charge.

The majority's reliance on defendant's plea bar-
gain and representation by counsel is misplaced.
No authority indicates that a plea bargain renders
harmless a failure to inform defendant of the
rights applicable at trial, or allows us to assume
that the defense counsel informed defendant off
the record of rights omitted by the judge.

I would reverse defendant's conviction as an
habitual offender.