PEOPLE v TAYLOR

Docket No. 103849. Submitted February 15, 1989, at Lansing. Decided April 4, 1989.

Robbie LaShawn Taylor, an inmate at the Huron Valley Men's Facility, was convicted of assaulting a prison employee at the conclusion of a bench trial in Washtenaw Circuit Court, Patrick J. Conlin, J. Immediately following trial, proceedings commenced on a supplemental information charging defendant with being a second-offense habitual offender. The prosecution presented its case by asking the trial court to take judicial notice of the outcome of the assault trial and the testimony therein by defendant and a prison employee, who both indicated that defendant had previously been convicted of unarmed robbery. The trial court, over the objection of defendant, took judicial notice as requested and convicted defendant of being an habitual offender. Defendant was sentenced to 1½ to 6 years of imprisonment on the habitual offender conviction. Defendant appealed.

The Court of Appeals *held:*

The same evidentiary and procedural rules which apply during a trial apply to an habitual offender proceeding. Thus, just as proof of an essential element of an offense may not be established through judicial notice at trial, proof of prior conviction may not be established through judicial notice at habitual offender proceedings.

The habitual offender conviction and sentence are vacated and the matter is remanded.

CRIMINAL LAW — HABITUAL OFFENDER PROCEEDINGS — EVIDENCE.

The same evidentiary and procedural rules which apply during a trial apply to an habitual offender proceeding; thus, just as proof of an essential element of an offense may not be established through judicial notice at trial, proof of prior conviction may not be established through judicial notice at habitual offender proceedings (MRE 201[b]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26, 27.

*Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: Murphy, P.J., and Weaver and McDonald, JJ.

Per Curiam. Defendant appeals as of right following his conviction of being a second-felony offender, MCL 769.10; MSA 28.1082. Defendant was sentenced to 1½ to 6 years imprisonment and now appeals as of right. We vacate defendant's conviction on the habitual offender charge and remand for further proceedings.

Defendant was convicted at a bench trial of assault of a prison employee, MCL 750.197c; MSA 28.394(3). Immediately thereafter, the parties proceeded to defendant's supplemental information charge. After counsel waived opening argument, the prosecution asked the court to take judicial notice of (1) the outcome of the previous case, (2) defendant's testimony in that proceeding that he was convicted of unarmed robbery in 1979, and (3) the testimony of the records keeper at the Michigan Huron Valley Men's Facility who also testified as to defendant's conviction for unarmed robbery. After a side-bar conference, defendant immediately objected, claiming that the court could not take judicial notice of the facts necessary to convict defendant. Instead, claimed defendant, the prosecution was required to prove each of the elements of the offense with certification or witnesses.

The court then recited the substance of MRE 201(b) addressing the kinds of facts of which the court may take notice and stated:

This Court is the trier of fact today. The only evidence before me is that of the Defendant himself. The Defendant himself admitted that he was convicted of unarmed robbery in Genesee County. And that is why he is in prison. There is further testimony from the clerk from the official records of the prison that he was convicted of an unarmed robbery on January 29, 1978 in the Circuit Court for the County of Genesee. The file was—was that admitted into evidence?

*Mr. Hiller* [*Prosecutor*]: Yes, Your Honor.

*The Court*: It was admitted. Those records are shown therein. There being no other evidence before me, this Court will find the Defendant guilty as charged of being an habitual offender.

Defendant's sole contention is that there was absolutely no evidence presented by the prosecution on the habitual offender charge and that the court erred in determining issues before it on the basis of testimony and evidence from a previous trial. We reluctantly agree.

Despite the fact that the elements necessary for a conviction on the habitual offender charge appear to have been fully satisfied in defendant's underlying trial, we cannot approve of a court taking judicial notice of the necessary elements of an offense. The law is clear that the prosecution has the burden of proving each and every element of a charged offense beyond a reasonable doubt. Our Supreme Court in *People v Brownridge,* 414 Mich 393, 396; 325 NW2d 125 (1982), in quoting this Court's opinion in *People v Stevens,* 88 Mich App 421, 426-427; 276 NW2d 910 (1979), stated the following:

"The habitual offender proceeding, like an ordinary criminal trial, is a critical stage of a criminal prosecution. See *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971); *People v Burton,* 44 Mich

App 732; 205 NW2d 873 (1973). Defendants in both instances have the right to a trial by jury, MCL 769.13; MSA 28.1085, and the prosecution must prove the charges by proof beyond a reasonable doubt. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976), lv den 402 Mich 843 (1977). Furthermore, the habitual offender proceeding is subject to the same evidentiary and procedural rules as a regular trial, MCL 769.13; MSA 28.1085."

Moreover, this Court in *People v Leroy,* 157 Mich App 334; 403 NW2d 555 (1987), recently held that the 180-day rule applies to an habitual offender information and elaborated on the separate nature of the underlying felony trial and a subsequent habitual offender trial. The Court stated:

The procedures established for trying a defendant on an habitual offender information are remarkably similar to those used in a trial for a criminal offense.

* * *

While the panel in [*People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974)] was correct to observe that the "only issue" at an habitual offender trial "relates to whether the defendant is the same person who was duly convicted of the prior felony or felonies alleged in the information," *nonetheless, a full trial with all the safeguards and trappings of a trial for a criminal offense is afforded.* When we speak of habitual offender informations in briefs and opinions, we usually say that the defendant is "charged" with being an habitual offender. When a defendant pleads guilty to being an habitual offender, as here, the judge recites the entire colloquy of rights waived. The statute does not call being an habitual offender a felony or misdemeanor, but we treat it exactly as if it were, except that the sentence imposed depends on the underlying offense.

Indeed, one could say fairly that when our cases

focus on the procedural aspects of habitual offender informations at all, they concentrate not on the differences between those informations and separate criminal charges, but on the similarities. [Emphasis added. *Leroy, supra,* pp 341-343.]

Based on the foregoing, we reluctantly conclude that defendant was not afforded a full trial with all the safeguards and trappings of a trial for a criminal offense. *Leroy, supra.* We therefore vacate defendant's conviction and sentence for being a second-offense habitual offender.

Finally, defendant's contention that double jeopardy considerations bar a retrial on the habitual offender offense is premature. This argument should be raised in the trial court if and when he is retried on this charge.

Defendant's habitual offender conviction and sentence are vacated, and the matter is remanded.