PEOPLE v WEISS

Docket No. 124247. Submitted February 13, 1991, at Detroit. Decided
October 21, 1991, at 9:15 A.M. Leave to appeal denied, 439 Mich —.

Daniel Weiss was charged by the Wayne County Prosecutor in
the 36th District Court with violating § 41(1) of the Campaign
Finance Act, MCL 169.241(1); MSA 4.1703(41)(1), by knowingly
making a contribution to a political campaign of $20.01 or more
in cash. The court, Daphne Means Curtis, J., granted the
defendant's motion to dismiss on the bases that the prosecutor
had failed to allege an essential element of the crime, namely,
that the defendant knew that his cash contribution was con-
trary to law, and that the prosecutor did not have the authority
to prosecute a violation of § 41(1). The prosecution appealed in
the Recorder's Court for the City of Detroit, which affirmed,
Robert L. Evans, J., holding that the Secretary of State and the
Attorney General were vested with exclusive jurisdiction to
pursue violations of the act, but disagreeing with the district
court's interpretation of the phrase "knowingly violates" con-
tained in § 41(1). The prosecutor appealed by leave granted, and
the defendant cross appealed.

The Court of Appeals *held:*

1. Section 41(1) requires proof that the defendant knew that
his conduct was unlawful in order to sustain a conviction. The
district court correctly ruled that the prosecutor must show
that the defendant made a cash contribution of $20.01 or more
while knowing that such a cash contribution violated the act.
Because the prosecutor conceded that he does not intend to
prove that the defendant knew that his conduct violated § 41(1),
the district court's dismissal was proper.

2. Reversal of the Recorder's Court determination regarding
what constitutes a knowing violation is not required because it
affirmed on other grounds, and reversal is not required where
the right result is reached, but for the wrong reason.

3. Consideration of the issue regarding whether the act

REFERENCES

Am Jur 2d, Elections § 381.
State regulation of the giving or making of political contributions
or expenditures by private individuals. 94 ALR3d 944.

precludes local prosecuting attorneys from prosecuting violations of the act is unnecessary.

Affirmed.

1. ELECTIONS — CAMPAIGN FINANCE ACT — CASH CONTRIBUTIONS — SCIENTER.

No person may make or accept a campaign contribution of $20.01 or more in cash while knowing that such a contribution is unlawful (MCL 169.241[1]; MSA 4.1703[41][1]).

2. ELECTIONS — CAMPAIGN FINANCE ACT — CASH CONTRIBUTIONS — SCIENTER.

The Campaign Finance Act provides that only those transfers of cash made for the purpose of influencing an election are "contributions"; therefore, in order for a transfer of cash to be a contribution, it must be made knowingly (MCL 169.204[1]; MSA 4.1703[4][1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Harold Gurewitz,* for the defendant.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gary P. Gordon,* Assistant Attorney General, for the Secretary of State.

Before: MACKENZIE, P.J., and GRIBBS and GRIFFIN, JJ.

GRIFFIN, J. In this case of first impression, the prosecutor appeals by leave granted a decision of the Detroit Recorder's Court affirming the district court's dismissal of misdemeanor criminal charges against defendant, Daniel Weiss. We affirm and hold that the phrase "knowingly violates," as used in § 41(1) of the Campaign Finance Act, MCL

169.201 *et seq.*; MSA 4.1703(1) *et seq.*, requires proof that the defendant knew that his conduct was in violation of the disclosure law.

I

At issue in this appeal are two provisions of the Campaign Finance Act. In part, § 41 of the act, MCL 169.241; MSA 4.1703(41), makes it illegal for any person to make or accept a campaign contribution of $20.01 or more in cash. Such contributions, pursuant to the statute, must be made by written instrument containing the names of both the payor and the payee. The statute further provides that "[a] person who *knowingly violates this section* is guilty of a misdemeanor." (Emphasis added.)

Section 15 of the act, MCL 169.215; MSA 4.1703(15), outlines an enforcement mechanism for pursuing violations of the act. At the time of the instant prosecution, MCL 169.215(2); MSA 4.1703(15)(2) provided as follows:

> A person may file a complaint with the secretary of state alleging a violation of this act. The secretary of state, upon receipt of a complaint, shall investigate the allegations pursuant to the rules promulgated under this act. If the secretary of state determines that there is reason to believe that a violation of this act has occurred, the secretary of state *may* endeavor to correct or prevent further violation by informal methods of conference, conciliation, and persuasion, and may enter into a conciliation agreement with the person involved. A conciliation agreement, unless violated, shall constitute a complete bar to any further action with respect to matters covered in the conciliation agreement. If the secretary of state is unable to correct or prevent further violation by these informal methods, proceedings shall be com-

menced pursuant to the rules promulgated to implement this act. The secretary of state may forward the results of the investigation to the attorney general for enforcement of this act. [Emphasis added.]

In 1989, § 15 of the act was amended. The changes included replacement of the emphasized word "may" with the word "shall."

In the case before us, two issues are raised. First, whether the phrase "knowingly violates" as used in § 41(1) requires proof that the defendant knew his conduct was illegal in order to sustain a conviction. Second, whether § 15 of the act vests in the Secretary of State and the Attorney General the exclusive authority to prosecute violations of the act. In view of our resolution of the first issue, we express no opinion regarding the second.

II

The relevant facts are straightforward. On January 3, 1989, the Wayne County prosecutor's office filed a misdemeanor information in the 36th District Court charging Daniel Weiss with violating MCL 169.241(1); MSA 4.1703(41)(1). Specifically, the information alleged that Weiss:

Did knowingly make a contribution to a political campaign of $20.01 or more in cash, contrary to MCL 169.241(1).

On May 9, 1989, the district court heard oral arguments regarding several motions filed by the parties. Through a motion in limine, the prosecutor sought to preclude any evidence or argument at trial concerning whether defendant knew it was against the law to make a political contribution of

more than $20 in cash. The prosecutor argued that in order to satisfy the intent element of the crime, the people need only prove that the defendant knew that he was making a contribution of more than $20 in cash. Alternatively, the prosecution sought a jury instruction consistent with its interpretation of the intent element of the crime.

Also before the court were two separate motions to dismiss brought by Weiss. First, Weiss claimed that the prosecutor had failed to allege an essential element of the crime, namely, that defendant knew that his cash contribution was contrary to law. Second, Weiss claimed that the Wayne County prosecutor did not have the authority to prosecute a violation of MCL 169.241(1); MSA 4.1703(41)(1). Defendant argued that the legislative scheme of the act requires that investigations regarding illegal contributions be conducted by the Secretary of State and that prosecutions, if any, be conducted by the Attorney General's office.

The district court agreed with defendant and granted the motion to dismiss on the basis of both grounds. Thereafter, the prosecutor appealed to the Detroit Recorder's Court. On December 15, 1989, the Recorder's Court issued an opinion affirming the dismissal. Although the court held that the district court misinterpreted the phrase "knowingly violates," it agreed with the district court that MCL 169.215(2); MSA 4.1703(15)(2) vested exclusive authority in the Secretary of State and the Attorney General to pursue violations of the act.

On June 5, 1990, this Court granted the prosecutor's application for leave to appeal. Defendant has cross appealed, raising the issue regarding what constitutes a knowing violation of MCL 169.241(1); MSA 4.1703(41)(1).

III

The statute under which defendant was charged, MCL 169.241(1); MSA 4.1703(41)(1), provides in pertinent part:

> A person shall not make or accept any single contribution of $20.01 or more in cash nor make or accept any single expenditure of $50.01 or more in cash. Contributions of $20.01 or more and expenditures of $50.01 or more, other than an in-kind contribution or expenditure, shall be made by written instrument containing the names of the payor and the payee. A person who knowingly violates this section is guilty of a misdemeanor.

On its face, the Campaign Finance Act is ambiguous regarding the elements of the misdemeanor offense that it establishes. Standing alone, MCL 169.241(1); MSA 4.1703(41)(1) may be interpreted legitimately in two ways: (1) any person who knowingly makes a cash contribution of $20.01 or more is guilty of a misdemeanor, or (2) any person who makes a cash contribution of $20.01 or more, knowing that such a contribution is unlawful, is guilty of a misdemeanor. Both constructions are plausible and arguably supported by the statutory language. None of the cases cited by the parties provide a definitive answer regarding which construction of the statute is correct. The dicta from *People v Frederighi,* 192 Mich 165; 158 NW 177 (1916), is not controlling. Accordingly, because this is a matter of first impression, we turn to the legislative history of the statute and apply traditional rules of statutory construction. After having done so, we conclude that § 41(1) of the Campaign Finance Act requires proof that a defendant knew that his conduct was unlawful in order to sustain a conviction.

IV

The primary goal of judicial construction of statutes is to ascertain and give effect to the intent of the Legislature. *People v Tracy,* 186 Mich App 171, 174-175; 463 NW2d 457 (1990); *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). Where reasonable minds can differ regarding the meaning of a statute, the court must look to the objective of the statute and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the statute's purpose. *Tracy, supra* at 175. Criminal statutes, however, must be strictly construed. *People v Johnson,* 174 Mich App 108, 115; 435 NW2d 465 (1989).

A statutory provision should also be read in its entirety and in connection with the rest of the statute. *Danto v Michigan Bd of Medicine,* 168 Mich App 438, 442; 425 NW2d 171 (1988). Each provision of an act is to be read with reference to every other provision so as to produce an harmonious whole. *In re Forfeiture of $5,264,* 432 Mich 242, 251; 439 NW2d 246 (1989). By the same token, no language of a statute should be treated as surplusage or rendered nugatory. *In re Kiogima,* 189 Mich App 6, 13; 472 NW2d 13 (1991). Courts must give meaning to all the words in a statute because it will not be presumed that the Legislature intended to do a useless thing. *Girard v Wagenmaker,* 437 Mich 231, 244; 470 NW2d 372 (1991).

The term "contribution," as it appears in MCL 169.241(1); MSA 4.1703(41)(1), is specifically defined by § 4 of the act. MCL 169.204(1); MSA 4.1703(4)(1) provides:

"Contribution" means a payment, gift, subscription, assessment, expenditure, contract, payment

for services, dues, advance, forbearance, loan, or donation of money or anything of ascertainable monetary value, or a transfer of anything of ascertainable monetary value to a person, *made for the purpose of influencing the nomination or election of a candidate, or for the qualification, passage, or defeat of a ballot question.* [Emphasis added.]

Plainly, the statute assigns to the term "contribution" an element of scienter. By definition, a transfer of cash or other thing of value is not a "contribution" unless it is made with the express purpose of influencing an election. It logically follows, therefore, that in order for a transfer to be a contribution, it must be made knowingly. Put another way, a person is incapable of unknowingly making a "contribution" since, by definition, only those transfers of cash made for the purpose of influencing an election are "contributions." Thus, by using the phrase "knowingly violates" in MCL 169.241(1); MSA 4.1703(41)(1), the Legislature must be referring to something other than the fact of the transfer itself. If the phrase is to have any meaning, it must be in reference to the actor's knowledge that his action is in violation of the law.

Section 41(1) is not a limitation provision per se with regard to all contributions in excess of $20. Rather, it is only cash contributions in excess of this threshold that are prohibited. To knowingly commit this crime, one must have knowledge that the law requires that such contributions be made by written instrument.

v

Recently, the United States Supreme Court in *Cheek v United States,* 498 US —; 111 S Ct 604; 112 L Ed 2d 617 (1991), reviewed the elements

necessary to sustain a misdemeanor conviction for wilfully failing to file a tax return under 26 USC 7203. The Court first noted that as a general rule every person is presumed to know the law:

> The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system. See, e.g., *United States v Smith,* 5 Wheat 153, 182; 5 L Ed 57 (1820) (Livingston, J., dissenting); *Barlow v United States,* 7 Pet 404, 411; 8 L Ed 728 (1833); *Reynolds v United States,* 98 US 145, 167; 25 L Ed 2d [sic] 244 (1879); *Shevlin-Carpenter Co v Minnesota,* 218 US 57, 68; 54 L Ed 930; 30 S Ct 663 (1910); *Lambert v California,* 355 US 225, 228; 2 L Ed 2d 228; 78 S Ct 240 (1957); *Liparota v United States,* 471 US 419, 441; 85 L Ed 2d 434; 105 S Ct 2084 (1985) (White, J., dissenting); O Holmes, The Common Law 47-48 (1881). Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law. This common-law rule has been applied by the Court in numerous cases construing criminal statues. [*Id.* at 112 L Ed 2d 628.]

However, the Supreme Court then recognized that complex regulatory statutes often modify the traditional rule by making a violation of a known duty an element of criminal offenses relating to such statutes:

> The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses. Thus, the Court almost sixty years ago interpreted the statutory term "wilfully" as used in the federal criminal tax statutes

as carving out an exception to the traditional rule. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws. . . .

*  *  *

Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. [*Cheek, supra* at 112 L Ed 2d 628-629.]

Although the operative phrase at issue is "knowingly violates" rather than "willfully fails," we nevertheless deem the analysis in *Cheek* to be helpful. *Cheek* is supportive of the proposition that in the realm of regulatory statutes, the Legislature may intend to limit prosecutions to those defendants who know they are violating the law.

The Campaign Finance Act, like the Internal Revenue Code, is exceedingly complex and detailed. A summary prepared by the Michigan Secretary of State of its provisions and regulations is fifty-three pages in length. See *The Candidate Committee Manual,* Michigan Secretary of State (1984).[1] The occurrence of frequent unintended violations of the regulatory scheme is anticipated by the legislation itself, which establishes a conciliation procedure to be used by the Secretary of State "to correct or prevent further violation."

The Campaign Finance Act is a disclosure statute. It contains extensive provisions intended to provide for the reporting and public disclosure of campaign contributions. According to House Legislative Analysis, SB 1570, December 17, 1976:

The concerns which prompted the legislature to enact 2 political reform bills still exist. They in-

---

[1] The revised September 1989, *Manual for Candidate Committee* is fifty-four pages.

clude a crises of confidence in elected officials among voters today, and the growing influence of "big money" in increasingly expensive political campaigns. . . .

The bill contains detailed provisions concerning the establishment of campaign committees, and the regulation of campaign contributions and expenditures. These provisions would provide the public with information concerning campaign finances both before and after elections, and would establish accountability for the proper recording and reporting of campaign information.

Also see House Legislative Analysis, SB 448, June 6, 1989.

After reviewing the act as a whole and its legislative history, we agree with the following statement set forth by the Secretary of State at page one of its fifty-three-page candidate committee manual:

The intent of the Campaign Finance Act is to promote the public disclosure of the contributions and expenditures of political campaigns. Those covered by the law must participate in the public disclosure system. The Secretary of State and the County Clerks seek public disclosure through voluntary compliance with the requirements of the law. [*The Candidate Committee Manual,* Michigan Secretary of State (1984).]

Central to our holding is our duty to apply a reasonable construction consistent with the objectives and purposes of the statute. *Tracy, supra.* In view of the overall purpose of the act, we conclude that MCL 169.241(1); MSA 4.1703(41)(1) was not intended by the Legislature to trap the unwary donor who contributes more than $20 in cash to a campaign while not knowing that the statute requires him to write a check. Rather, we conclude

that the statute was designed to punish those who with knowledge of the law violate its provisions.

## VI

In summary, we conclude that the 36th District Court correctly ruled that the prosecutor must show that defendant made a cash contribution in excess of $20 while knowing that such a cash contribution violated the Campaign Finance Act. At oral arguments, the prosecutor conceded that he does not intend to prove that defendant knew his conduct violated MCL 169.241(1); MSA 4.1703(41)(1). Accordingly, we find no error in the district court's dismissal.[2]

Affirmed.

---

[2] In light of our resolution, we need not specifically address the ruling of the Recorder's Court affirming the district court decision. While the Recorder's Court disagreed with the district court with regard to what constitutes a knowing violation, it affirmed on other grounds. We need not reverse where the right result is reached but for the wrong reason. See *State Mutual Ins Co v Russell,* 185 Mich App 521; 462 NW2d 785 (1990). Because it is not necessary for our resolution, we decline to address the issue whether § 15 of the act precludes local prosecuting attorneys from prosecuting violations of the act.