PEOPLE v SETZLER

Docket No. 163005. Submitted January 4, 1995, at Detroit. Decided
April 21, 1995, at 10:30 A.M.

Norma Setzler was convicted in the Recorder's Court for the City
of Detroit, Wendy M. Baxter, J., of kidnapping, pursuant to the
general kidnapping statute, MCL 750.349; MSA 28.581. She
appealed and the Court of Appeals, MARILYN KELLY, P.J., and
McDONALD and REILLY, JJ., in an unpublished opinion per
curiam, decided September 23, 1992 (Docket No. 117179), re-
versed on the basis that there was insufficient evidence to
support a conviction under the statute. The defendant was then
charged in the Recorder's Court for the City of Detroit with
child kidnapping, MCL 750.350; MSA 28.582, on the basis of the
same conduct that had resulted in the original conviction. The
court, Wendy M. Baxter, J., granted the defendant's motion to
dismiss the charges, finding that the Double Jeopardy Clause of
the Fifth Amendment of the United States Constitution pre-
cluded her reprosecution. The people appealed.

The Court of Appeals *held:*

The trial court's ruling that the same conduct would have to
be proved in the second trial that was proved in the first and,
therefore, that the Double Jeopardy Clause barred the subse-
quent prosecution was correct at the time the ruling was
entered. However, the United States Supreme Court thereafter
expressly rejected the "same conduct" test and held that the
Double Jeopardy Clause bars reprosecution only if the "same
elements" requirements of *Blockburger v United States,* 284
US 299 (1932), are met. The child kidnapping statute does not
require proof of confinement against the will of the victim, as
does the general kidnapping statute. Therefore, the subsequent
prosecution of the defendant survives the *Blockburger* test.

Reversed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The Double Jeopardy Clause does not preclude the retrial of a

REFERENCES
Am Jur 2d, Criminal Law §§ 243-248, 264, 285-308.
See ALR Index under Double Jeopardy.

defendant whose conviction is set aside because of any error in the proceeding leading to conviction other than the insufficiency of the evidence to support the verdict; however, double jeopardy bars reprosecution where the elements of the subsequent crime charged are identical to the elements of the original crime charged (US Const, Am V).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Peggy K. Madden,* for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

PER CURIAM. The people appeal as of right the trial court's order dismissing child kidnapping charges against defendant. MCL 750.350; MSA 28.582. We reverse.

Defendant was previously convicted of kidnapping, pursuant to the general kidnapping statute, MCL 750.349; MSA 28.581. She was sentenced to four to ten years' imprisonment. On appeal, this Court reversed defendant's conviction and held that she had been improperly convicted under the statute. *People v Setzler,* unpublished opinion per curiam, decided September 23, 1992 (Docket No. 117179). Child kidnapping charges were subsequently instituted against defendant. Defendant moved to dismiss the charges, alleging that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution precluded her reprosecution. The trial court granted defendant's motion.

The people claim that the trial court erred in dismissing this case. We agree. The Double Jeop-

ardy Clause does not preclude the retrial of a defendant whose conviction is set aside because of any error in the proceeding leading to conviction other than the insufficiency of the evidence to support the verdict. *Montana v Hall,* 481 US 400, 402; 107 S Ct 1825; 95 L Ed 2d 354 (1987); *People v Langley,* 187 Mich App 147, 150; 466 NW2d 724 (1991). However, double jeopardy bars reprosecution where the elements of the subsequent crime charged are identical to the elements of the original crime charged. *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

The prior order of this Court reversing defendant's conviction was predicated on the fact that there was insufficient evidence to support a conviction on a kidnapping charge brought pursuant to MCL 750.349; MSA 28.581. The trial court held that the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady v Corbin,* 495 US 508, 521; 110 S Ct 2084; 109 L Ed 2d 548 (1990). Here, in order to successfully prosecute defendant for child kidnapping, the people would have to prove that defendant took and intentionally concealed the child from his mother. The same conduct was required to be proved in defendant's previous trial on the charge of kidnapping under the general statute. The trial court's ruling was therefore absolutely correct at the time it was rendered on March 19, 1993.

*Grady v Corbin,* however, was expressly overruled on June 28, 1993, in *United States v Dixon,* 509 US —; 113 S Ct 2849; 125 L Ed 2d 556, 575 (1993), in which the Supreme Court rejected the

"same conduct" test of *Grady,* and held that double jeopardy bars reprosecution only if the "*same elements*" requirements of *Blockburger* are met. Child kidnapping does not require proof of confinement against the will of the victim, as does kidnapping. Thus, under the facts of this case, the subsequent prosecution of defendant survives the *Blockburger* test.

Reversed.