## PEOPLE v GAINES

Docket No. 185006. Submitted October 15, 1996, at Detroit. Decided April
25, 1997, at 9:20 A.M. Leave to appeal sought.

Alphonso D. Gaines was convicted by a jury in the Ionia Circuit
Court, James K. Nichols, J., of assault of a prison employee by an
inmate and of being an habitual offender, third offense. At the trial
regarding the assault charge, the prosecutor offered no evidence
establishing that the defendant was lawfully imprisoned at the time
he committed the assault on the prison guard that led to the assault
charge, but rather chose to argue that lawful imprisonment could
be inferred from the fact that the defendant was an inmate at a
maximum security facility and it would be unlikely that a person so
confined would not be imprisoned in a lawful manner. The defend-
ant argued that there was no evidence that he was lawfully impris-
oned. The trial court instructed the jury that lawful imprisonment
was a necessary element of the assault charge. Following convic-
tion on the assault charge, the habitual offender charge was tried
before the same jury. The defendant appealed, raising the issue of
the sufficiency of the evidence with respect to the lawful imprison-
ment element of the assault charge.

The Court of Appeals *held*:

1. MCL 750.197c; MSA 28.394(3) makes it a felony for any person
who is "lawfully imprisoned" in a jail or other place of confinement
to assault any employee of that place of confinement. The statute is
clear and unambiguous in evidencing an intent by the Legislature
that the prosecution must establish beyond a reasonable doubt that
a defendant was imprisoned lawfully at the time the assault
occurred.

2. Although it would have been a simple matter for the prosecu-
tion to submit evidence that the defendant was lawfully impris-
oned—the judgment of sentence would have sufficed—lawful
imprisonment cannot be inferred from the mere fact that the
defendant was imprisoned. Accordingly, no evidence sufficient to
sustain a finding of the necessary element of lawful imprisonment
was produced at trial, and the defendant's conviction of assault,
and his conviction of the derivative charge of being an habitual

offender, third offense, must be reversed. Further, the Double Jeopardy Clause prohibits retrial of these charges.

Reversed.

D. A. BURRESS, J., concurring, stated that the statute clearly requires that the prosecution establish that the defendant was lawfully imprisoned at the time of the assault, that the mere showing of imprisonment at a correctional facility is insufficient to raise an inference that the imprisonment was lawful, and that the prosecution presented no other evidence sufficient to establish lawful imprisonment.

SAWYER, P.J., dissenting, stated that the defendant's conviction of the assault charge should be affirmed because, while lawful imprisonment must be established in order to sustain a conviction under the inmate assault statute, proof of that element could be properly inferred by the jury in this case from the fact that the defendant was imprisoned, inasmuch as unlawful imprisonment is a rare occurrence and there was a total absence of any suggestion that the defendant's imprisonment was unlawful.

ASSAULT — INMATES — LAWFUL IMPRISONMENT.

 The statute making an assault by an inmate in a place of confinement on an employee of the place of confinement a felony requires as a necessary element of proof the establishing beyond a reasonable doubt that the inmate was lawfully imprisoned at the time of the assault; mere proof that a person was imprisoned in a state correctional facility is not sufficient to permit a trier of fact to infer that the imprisonment was lawful (MCL 750.197c; MSA 28.394[3]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Raymond Voet*, Prosecuting Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for the defendant.

Before: SAWYER, P.J., and MARILYN KELLY and D. A. BURRESS*, JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MARILYN KELLY, J. A jury convicted defendant of inmate assault on a prison employee and habitual offender, third offense. MCL 750.197c; MSA 28.394(3), MCL 769.11; MSA 28.1083. The trial court sentenced him to five to eight years' imprisonment, to run consecutive to the sentence he was serving when he committed the assault. Defendant appeals as of right, arguing that there was insufficient evidence to sustain his assault conviction. Reluctantly, we agree and reverse.

Defendant was incarcerated at Ionia Maximum Facility. Sergeant Phil Waldron worked there as the supervisor of a response team responsible for controlling prisoners not cooperating with other corrections personnel. On June 13, 1994, the team was dispatched to restrain defendant. Defendant had thrust his arm through the cell's food slot and refused to withdraw it. The recommended course of action was to place defendant into soft restraints and close the cell's food slot.

As the team approached defendant's cell, defendant was yelling for a new paper gown. When Sergeant Waldron arrived, defendant threw a cup of liquefied feces at him, striking him in the face and eyes.

On appeal, defendant argues that the prosecution provided evidence only that he was in prison at the time of the assault. He asserts that it neglected to prove that his imprisonment was lawful. As a consequence, defendant argues, there was insufficient evidence to sustain the conviction.

The statute which defendant was charged with violating, MCL 750.197c; MSA 28.394(3), provides:

> A person lawfully imprisoned in a jail, other place of con-
> finement established by law for any term, or lawfully
> imprisoned for any purpose at any other place, including
> but not limited to hospitals and other health care facilities
> or awaiting examination, trial, arraignment, sentence, or
> after sentence or awaiting or during transfer to or from a
> prison, for a crime or offense, or charged with a crime or
> offense who, without being discharged from the place of
> confinement, or other lawful imprisonment by due process
> of law, through the use of violence, threats of violence or
> dangerous weapons, assaults an employee of the place of
> confinement or other custodian knowing the person to be
> an employee or custodian or breaks the place of confine-
> ment and escapes, or breaks the place of confinement
> although an escape is not actually made, is guilty of a
> felony.

The primary goal of judicial interpretation of stat-
utes is to ascertain and give effect to the intent of the
Legislature. *People v Stanaway*, 446 Mich 643; 521
NW2d 557 (1994). The first criterion in determining
intent is the specific language of the statute. *People v
Hammons*, 210 Mich App 554, 557; 534 NW2d 183
(1995); *People v Hawkins*, 181 Mich App 393, 396; 448
NW2d 858 (1989). Where the Legislature makes its
intent known through clear and explicit language, this
Court must enforce that intent. *People v Bellafant*,
105 Mich App 788, 790-791; 307 NW2d 422 (1981).

Here, we find that the language of the statute is
clear and unambiguous. The Legislature specifically
chose to use the word "lawfully" in determining to
whom it applied. In construing the statute, we pre-
sume that every word has some meaning, and we will
avoid any construction that would render it, or any
part of it, surplusage or nugatory. *People v Weiss*, 191
Mich App 553, 559; 479 NW2d 30 (1991).

.

The prosecution had the burden of establishing beyond a reasonable doubt that defendant was imprisoned lawfully when the assault occurred. While the prosecutor did establish that defendant was imprisoned at the Ionia Maximum Facility, at no point did it show that defendant was there lawfully. During closing argument, the prosecutor argued that the lawfulness of the imprisonment could be inferred from the imprisonment itself. However, no evidence was presented at trial to support the claim. A statement by the prosecutor during closing argument does not remedy the omission. Counsel's arguments are not evidence. *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 364; 503 NW2d 915 (1993). Nothing exists in the record to enable a rational trier of fact to conclude that an essential element of the crime was proven beyond a reasonable doubt.

It would have been a simple matter for the prosecution to submit evidence that defendant was lawfully imprisoned. The judgment of sentence would have sufficed. However, here we have no choice but to conclude that there was insufficient evidence to sustain defendant's conviction. Moreover, the Double Jeopardy Clause precludes a retrial, the convictions and sentences being vacated due to an insufficiency of the evidence. *People v Setzler*, 210 Mich App 138, 140; 533 NW2d 18 (1995).

Reversed.

D. A. BURRESS, J. *(concurring).* I agree with Judge KELLY and write separately to place in perspective the underlying facts of this case.

Defendant was convicted of assault on a prison employee. MCL 750.197(c); MSA 28.394(3).[1]

During its opening statement, the prosecution told the jury that the prosecution was required to prove beyond a reasonable doubt, that defendant was a person lawfully imprisoned in a jail or other place of confinement. Then, during its closing arguments, the prosecution argued that defendant was an inmate who was lawfully confined at the maximum security facility and that it seemed unlikely that somebody would be confined other than in a lawful manner.[2] Defendant argued that he was not required to prove anything[3] and that there was no evidence of lawful

---

[1] A person lawfully imprisoned in a . . . place of confinement established by law for any term, or lawfully imprisoned . . . for a crime or offense, or charged with a crime or offense who, . . . through the use of violence, . . . assaults an employee of the place of confinement . . . knowing the person to be an employee . . . is guilty of a felony.

[2] You're being asked to determine, was Mr. Gaines lawfully confined at the Ionia Maximum Security Facility. Well, Mr. Gaines was in the courtroom. He was transported by the transport officers. The witnesses that testified said that he occupied a cell at I-Max . . . .

Your common sense would tell you that he was lawfully confined at the maximum security facility. It seems extremely unlikely that somebody would not be confined in a lawful manner, at I-Max, and I would ask you to use your common sense and that we have proven to you that he was confined at I-Max, and that he's been there and that's how he got to the courtroom here today.

That argument is basically ridiculous. He was a prisoner at the time of the assault and he remains a prisoner at this time and I'm asking you to consider that and use your common sense.

[3] That gets back to lack of evidence. Mr. Gaines doesn't have to prove anything. Always keep that in mind. Now, the specific statute with which Mr. Gaines is charged states that Mr. Gaines, being a person lawfully confined or lawfully imprisoned, did assault an employee of the place of confinement.

confinement.[4]

While some of the witnesses referred to the defendant as a "prisoner" or "inmate," the prosecution curiously failed to offer into evidence any proof that defendant was lawfully imprisoned. The defendant was not present during the trial, did not testify, and did not offer any evidence.[5]

Finally, the jury was instructed by the trial court that one of the elements of the charge required that the prosecution prove that defendant was lawfully confined.[6]

Defendant was convicted and immediately stood trial before the same jury, again in absentia, as a fourth-offense habitual offender.

At the habitual offender stage of the proceedings, the prosecution brought forward six exhibits, consisting of four fingerprint records and two certified records of defendant's previous convictions. When confronted with the fact that it was unable to produce a certified record of an October 14, 1982, con-

---

[4] What proof was there that Mr. Gaines was lawfully confined at the Ionia Maximum Facility? Sure he was here. Sure the transportation officers were with him, but the Prosecutor still has the burden to prove beyond a reasonable doubt that he was lawfully or is lawfully confined and there was absolutely no evidence presented on that issue.

[5] Defendant was brought into the courtroom in handcuffs, belly chains, and leg irons. The prosecution insisted that he remain shackled during the trial, even though the corrections officers indicated that they thought they could control him with just the leg irons. Following other colloquy, defendant was allowed to return to the prison, during which time the trial proceeded without him being present.

[6] Now to prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the defendant was confined at the Ionia Maximum Facility, lawfully confined.

Second, that he was legally confined there.

viction, the prosecution withdrew that charge and went to the jury on the charge of being a third-offense habitual offender rather than being a fourth-offense habitual offender, which had been originally charged.[7] The jury then returned a verdict finding defendant guilty of being an habitual offender, third offense.

This case raises the question: What evidence is sufficient to support a finding that a person has been lawfully incarcerated? Restated in the context of the proofs presented in this case: Is the incarcerated status of an individual sufficient evidence that the incarceration was lawful? The answer to that question is no. *People v Hamaker* 92 Mich 11; 52 NW 82 (1892). Sufficiency of evidence is reviewed to determine, on the basis of all the evidence viewed in a light most favorable to the prosecution, if a reasonable trier of fact could conclude that all required elements of the crime were proven beyond a reasonable doubt. *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

Both the prosecution and the defense recognized during their opening and closing statements the necessity of proof that the incarceration was lawful, as did the trial court in its instructions.

In a criminal case, the prosecution is required to introduce evidence sufficient to establish each element of the crime charged beyond a reasonable

---

[7] [W]e do need to supply proof of that conviction to this Court and we've been unable to do so—and upon reviewing the law, it does require me to do so. So I'm not going to offer any objection to defense Counsel's motion as to that particular prior conviction.

doubt. "The law is clear that the prosecution has the burden of proving each and every element of a charged offense beyond a reasonable doubt." *People v Taylor*, 176 Mich App 374, 376; 439 NW2d 370 (1989). The legality of the incarceration is an element of this offense. Just as it was improper for the trial judge in *Taylor* to take judicial notice of the necessary elements of an offense, it is improper not to require the prosecution to prove the necessary elements before the jury in this case. While I do not suggest that a jury leave its common sense on the steps of the courthouse, proof of incarceration does not denote the legality of the incarceration.[8]

The term "lawfully imprisoned" is contained within the statute of assault on a prison employee, making lawfulness an element of the offense. Unlike statutes in which the Legislature chose not to make the lawfulness of confinement an element of the offense, the issue must then be raised by the defendant at trial,[9] the Legislature included the lawfulness of confinement as an element of assault on a prison employee, placing the burden on the prosecution.

The prosecution has available to it many avenues by which it may prove that an individual has been lawfully incarcerated. Some are more cumbersome to navigate than others. For instance, it may elect to bring forward witnesses who were present at the time a sentence was imposed, or those who were present when an individual was otherwise confined by lawful

---

[8] See *People v Hamaker*, 92 Mich 11; 52 NW 82 (1892); see also *Cross v Dep't of Corrections*, 103 Mich App 409; 303 NW2d 218 (1981); *People v Alexander*, 39 Mich App 607; 197 NW2d 831 (1972).

[9] *People v Hurst*, 59 Mich App 441; 229 NW2d 492 (1975), referencing prison escape, MCL 750.193; MSA 28.390.

authority. Others may take the more convenient route of simply producing a certified record of the sentence or other commitment.

Here, the prosecution waited until the trial of the habitual charge to come forward with certified copies of defendant's prior convictions and sentences. The record offers no explanation why these documents were not offered as evidence of lawful incarceration in the trial of the underlying assault charge. Otherwise, the evidence in this case was overwhelming. A complete reading of the transcript demonstrates the difficulty that both the prison system and the courts have had in their dealings with defendant. It is unfortunate that the prosecution's failure to offer available evidence dictates this result.

SAWYER, P.J. *(dissenting)*. I respectfully dissent. Defendant argues that his conviction should be vacated because the prosecution failed to establish that defendant was lawfully imprisoned at the time of the assault. One element of assault on a prison employee is that the defendant be

[a] person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place . . . for a crime or offense, or charged with a crime or offense . . . without being discharged from the place of confinement, or other lawful imprisonment by due process of law . . . ." [MCL 750.197c; MSA 28.394(3).]

Defendant argues that, while it was proved that he was imprisoned at the time of the assault, it was not proved that his imprisonment was lawful.

Appellate courts must view the evidence in the light most favorable to the prosecution and determine

whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508; 489 NW2d 748 (1992). Furthermore, the elements may be proved by reasonable inferences arising from the evidence. *People v Wolford*, 189 Mich App 478, 480; 473 NW2d 767 (1991).

In the case at bar, I am satisfied that a rational trier of fact could conclude that defendant was lawfully imprisoned on the basis of the fact of his imprisonment and that none of the evidence suggested that the imprisonment was unlawful. Cf. *People v Williams*, 173 Mich App 312; 433 NW2d 356 (1988). While unlawful incarceration may occur, it is certainly a rare occurrence. In the absence of any suggestion to the contrary, a rational trier of fact could reasonably infer that an incarceration is lawful.

I would affirm.