PEOPLE v NEAL

Docket No. 209603. Submitted January 19, 1999, at Detroit. Decided February 2, 1999, at 9:15 A.M.

Dashone Neal was convicted by a jury in the Lenawee Circuit Court, Harvey A. Koselka, J., of three counts of assaulting an employee of a place of confinement. The court, on motion by the defendant, vacated the convictions and sentences, ruling that evidence that the defendant was a prison inmate at the time of the assault was insufficient proof that he was lawfully imprisoned in a place of confinement, such lawful imprisonment being an element of the offense. The Court of Appeals, CORRIGAN, C.J., and MACKENZIE and R.P. GRIFFIN, JJ., affirmed the decision of the trial court, stating that it was constrained by MCR 7.215(H)(1) to follow *People v Gaines*, 223 Mich App 230 (1997), which held that, for purposes of the instant offense, a rational trier of fact could not find beyond a reasonable doubt that an inmate was lawfully imprisoned on the basis of evidence that he was incarcerated in a state prison. Were the panel not so constrained, it would have held that a rational trier of fact could find that the defendant was lawfully imprisoned on the basis of evidence that he was, in fact, incarcerated in a state prison when he assaulted the prison guards. The Court of Appeals, following a poll of its judges, issued an order vacating the Court of Appeals opinion in this case and convening a special panel to resolve the conflict that would have been created between the panels in *Gaines* and *Neal* but for the provisions of MCR 7.215(H)(1). 232 Mich App 801 (1998).

After consideration by the conflict resolution panel, the Court of Appeals *held*:

For purposes of the offense of assault of an employee of a place of confinement, lawfulness of imprisonment may be inferred by the trier of fact from the defendant's incarceration in a state prison. The prosecution may, but need not, proffer a judgment of conviction or other additional evidence to prove the lawfulness of the imprisonment.

Lower court orders vacating convictions and sentences vacated; convictions and sentences reinstated.

CRIMINAL LAW — ASSAULT OF EMPLOYEE OF PLACE OF CONFINEMENT — LAWFUL IMPRISONMENT.

    The offense of assault of an employee of a place of confinement requires proof of, among other things, lawful imprisonment of the defendant at a place of confinement; lawfulness of imprisonment may be inferred by the trier of fact from the fact that the defendant was incarcerated in a state prison at the time of the assault (MCL 750.197c; MSA 28.394[3]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Irving C. Shaw, Jr.*, Prosecuting Attorney, and *Jonathan L. Poer*, Chief Appellate Prosecuting Attorney, for the people.

*Cyril C. Pessina*, for the defendant on appeal.

Before: HOEKSTRA, P.J., and HOLBROOK, JR., NEFF, JANSEN, FITZGERALD, SAAD, and O'CONNELL, JJ.

PER CURIAM. Pursuant to MCR 7.215(H), this special panel was convened to resolve the conflict between the prior opinion in this case, *People v Neal*, 232 Mich App 801 (1998), and *People v Gaines*, 223 Mich App 230; 566 NW2d 35 (1997). In accordance with MCR 7.215(H)(1), the prior *Neal* panel was required to follow the precedent of *Gaines, supra*. Were it not for MCR 7.215(H)(1), the previous panel would have reversed and reinstated defendant's convictions.

Following an en banc order in *Neal, supra*, invoking the conflict resolution procedure of MCR 7.215(H), this case is being reconsidered by this special panel. After due consideration, we resolve the conflict in favor of the prior *Neal* opinion. We are persuaded by the prior *Neal* opinion and hereby adopt its reasoning and analysis. The precedent established by *Gaines, supra*, is overruled.

The lower court order vacating defendant's convictions and sentences is vacated. Defendant's convictions and sentences are reinstated.