*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

Defendant-Appellant.

FOR PUBLICATION
July 1, 2021

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

ON RECONSIDERATION

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

BECKERING, P.J. (*dissenting*).

At the heart of this appeal is whether double jeopardy bars defendant, Latausha Simmons, from being retried in the district court after having been convicted by a jury, sentenced, successfully had her conviction thrown out on appeal in the circuit court, and then having that victory overturned by the circuit court due to a motion for reconsideration filed by the prosecution. Contrary to my colleagues, I conclude that double jeopardy does not apply here, and the circuit court did not err in remanding for a new trial. Consequently, I respectfully dissent.

## I. BASIC FACTS AND PROCEDURAL HISTORY

As noted by the majority, defendant appeals as on leave granted the circuit court's order reversing her district court jury trial conviction for resisting or obstructing a police officer, MCL 750.81d(1), and remanding to the district court for a new trial. Defendant argues on appeal[1] that

---

[1] This Court denied defendant's application for leave to appeal. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Defendant filed an application for leave to appeal with the Michigan Supreme Court. On September 23, 2020, in lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Simmons*, 939 NW2d 268 (Mich, 2020). The case is also on

(1) the circuit court erred in concluding that the prosecution was not properly served with her claim of appeal, (2) the circuit court had jurisdiction to enter an order of acquittal, (3) the circuit court did not have jurisdiction to grant the prosecution's untimely motion for reconsideration, and (4) the circuit court erred in remanding the case for a new trial because double jeopardy barred retrial. I agree that the circuit court had jurisdiction to enter the order of acquittal, but I disagree with defendant's other arguments.

Warren Police Officer Sean Sullivan testified at trial that on May 24, 2016, he observed defendant exit a supermarket through a garage-like door that he believed was an employee-only entrance. Defendant looked at Officer Sullivan and walked toward a nearby alley. She entered a car, drove a few feet down the alley, then exited the car and peeked around the corner of a shipping container or dumpster at Officer Sullivan. Finding her conduct suspicious, Officer Sullivan drove toward defendant to investigate what she was doing.

As Officer Sullivan drove toward defendant, she got back into the car. Officer Sullivan parked in front of her, but he did not block the entire alleyway. He approached defendant and spoke to her through the driver's side window, asking her for identification and why she was parked in the alley. Defendant did not respond, and instead, she asked Officer Sullivan why he was harassing her. Officer Sullivan returned to his car to investigate his suspicion that her car may be stolen based on a crack he observed in the steering column. He determined that the car was registered to a Latausha Simmons, and that she did not have any arrest warrants. Officer Sullivan returned to defendant's car, asked if she was Latausha Simmons, and advised her that she could be on her way if she showed him her identification. Defendant did not respond or produce her identification. Officer Sullivan requested backup, and Officers Robert Horlocker and Timothy Sciullo arrived to assist. Officer Horlocker and Officer Sciullo each asked defendant for her identification, and she did not respond. After explaining to her that she would be arrested for resisting or obstructing their investigation and receiving no response, Officer Horlocker broke defendant's passenger side window and defendant was arrested and charged with resisting and obstructing a police officer.

Prior to trial, defendant filed a motion to dismiss and for an evidentiary hearing concerning the lawfulness of the officers' conduct. Specifically, defendant argued that the charge had to be dismissed because Officer Sullivan unlawfully stopped her and, as a result, her arrest was illegal. The district court concluded that it was reasonable for Officer Sullivan to stop defendant because her actions were suspicious and not "normal behavior."

On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the

---

reconsideration, as this Court issued an initial opinion, but granted the prosecution's motion for reconsideration, resulting in our vacation of the earlier opinion by way of order. While my colleagues have chosen to remain with their earlier analysis, I am persuaded by the arguments set forth in the prosecution's motion for reconsideration and the amicus curiae brief in support filed by the Prosecuting Attorneys Association of Michigan.

officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. After hearing the evidence, the jury found defendant guilty of resisting or obstructing a police officer. The district court sentenced defendant to six months' probation.

Acting *in propria persona*,[2] defendant appealed her conviction to the circuit court. She contended that the district court erred by concluding that Officer Sullivan's conduct was lawful, by precluding the parties from presenting evidence or making any arguments regarding the lawfulness of the officers' conduct, and by failing to instruct the jury that it was to determine whether the officers' conduct was lawful because it was an element of the offense. She also asserted that defense counsel was ineffective for failing to present evidence regarding the lawfulness of the officers' conduct. Defendant requested that the circuit court grant her a new trial. She later filed a supplemental brief, arguing that her trial counsel was also ineffective for failing to thoroughly cross-examine Officer Sullivan and for failing to obtain and introduce the police report concerning the incident. She requested that the case be dismissed.

At the hearing concerning the appeal, the circuit court noted that the prosecution did not file a response and was not present. The circuit court concluded that the district court erred by precluding the parties from presenting evidence regarding the lawfulness of the officers' conduct and by failing to instruct the jury that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The circuit court further ruled that defendant was entitled to an acquittal, stating the following:

> Even if the—somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.
>
> * * *
>
> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.

The circuit court told defendant that she was "an innocent person" and stated, "Finally the record caught up with that." The corresponding order provided:

> For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall

---

[2] Defendant was represented by counsel at various points in the lower court proceedings, but she also represented herself on other occasions.

be returned to Defendant forthwith. This order is a final order resolving all claims and closing the case.

The prosecution filed a motion for reconsideration, explaining that it was not served with defendant's claim of appeal or any other documents.[3] The prosecution agreed that the district court erred by not allowing the jury to determine the lawfulness of the officers' conduct, by precluding the parties from introducing evidence on or arguing about the lawfulness of the officers' conduct, and by failing to properly instruct the jury. The prosecution argued, however, that the proper remedy for the district court's error was to remand for a new trial, not acquittal. At a hearing held regarding the motion for reconsideration, the circuit court reviewed the record and concluded that the prosecution was never served with defendant's claim of appeal or any of the other documents. The court set aside its order of acquittal and ordered defendant to file a delayed application for appeal.

Defendant filed a delayed application for appeal and properly served the prosecution. At the hearing regarding defendant's appeal, she argued that the proper remedy for the district court's error was acquittal because there was insufficient evidence presented to support her conviction and double jeopardy barred retrial. On the other hand, the prosecution submitted that the issue was not the sufficiency of the evidence, but rather that the district court concluded the officers' conduct was lawful, erroneously precluded the introduction of evidence and argument on an element of the offense, and failed to properly instruct the jury. The prosecution further noted that if the circuit court was to determine that there was insufficient evidence presented to support defendant's conviction, it would be making the same mistake as the district court because no evidence was presented on the element and the issue was not decided by the jury. Accordingly, the prosecution asserted that the proper remedy was remand for a new trial.

The circuit court issued a written opinion and order, concluding that the district court erroneously removed the element of whether the officers acted lawfully from the jury. The circuit court concluded that the proper remedy was to reverse and remand for a new trial because the jury verdict was overturned on the basis of an instructional error. Accordingly, the circuit court reversed defendant's conviction and remanded to the district court for a new trial.

## II. ANALYSIS

### A. SERVICE AND CIRCUIT COURT JURISDICTION

Defendant first argues that the circuit court erred by concluding that she failed to serve her claim of appeal and supporting documents on the prosecution. I disagree.

An appeal as of right to the circuit court is governed by MCR 7.104 and must be filed within 21 days of the entry of a judgment. MCR 7.104(A)(1); See MCR 6.625(A) (directing that an appeal from a misdemeanor case is governed by subchapter 7.100 of the court rules). "To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the

---

[3] Additionally, the prosecution noted that the city of Warren was erroneously named as plaintiff on defendant's claim of appeal and on the circuit court's docket sheet.

circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fees, unless the appellant is indigent." MCR 7.104(B). The claim of appeal must "name the parties in the same order as they appear in the trial court, with the added designation 'appellant' or 'appellee.' " MCR 7.104(C)(b). With the claim of appeal, the appellant must file, in relevant part, "proof that a copy of the claim of appeal and other documents required by this subrule were served on all parties, the trial court or agency, and any other person or officer entitled by law to notice of the appeal." MCR 7.104(D)(9). Additionally, the court rules require that an appellant "must file a brief conforming to MCR 7.212(C) and serve it on all other parties to the appeal." MCR 7.111(A)(1)(a).

On June 26, 2018, defendant timely filed a claim of appeal, a motion for a fee waiver, and a request for a hearing in the circuit court. The claim of appeal erroneously named both "The State of Michigan" and "The People of the City of Warren" as plaintiff, and only included the city of Warren's address. The proof of service on the claim of appeal was blank. The motion for a fee waiver and request for a hearing only named the "City of Warren" as plaintiff.[4]

A review of the lower court record shows that the prosecution was never served with defendant's claim of appeal or other documents. Despite defendant's claim that she served the prosecution via first-class mail, I agree with the circuit court that the record is void of any evidence supporting her claim. Additionally, this case is designated with the "AR" case code and was subject to the 16th Circuit Court's mandatory electronic filing program, which requires that all court documents be electronically filed in lieu of traditional paper filings. Administrative Order 2010-6, 494 Mich lxvii (2010) (expanding the e-filing program to cover all cases with a "AR" designation). Accordingly, the circuit court did not err in concluding that the prosecution was not served with defendant's claim of appeal or any documents filed thereafter.

At any rate, as both parties agree, defendant's failure to properly serve her claim of appeal on the prosecution did not affect the circuit court's jurisdiction over the appeal. As stated earlier, defendant filed in the circuit court a claim of appeal and a motion to waive fees. The circuit court granted the motion to waive fees on July 9, 2018. Therefore, jurisdiction vested in the circuit court when defendant filed her claim of appeal and her fees were waived. See MCR 7.104(B). This is true regardless whether defendant properly served the prosecution because the service of process provisions contained in the court rules are intended to satisfy due process requirements that parties be notified of pending actions. See MCR 2.105(K)(1) (The service of process provisions "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant.") Therefore, defendant's defective service did not divest the circuit court of jurisdiction to enter an order related to her appeal.

---

[4] The circuit court later determined that the city of Warren was not properly named as a party in this case. Subsequent electronic filings submitted in the case were served on the attorney representing the city of Warren, defendant's appointed counsel, defendant, the court reporter, and district court clerk. Defendant filed a brief on appeal in the circuit court. She attached two copies of her claim of appeal, which indicated that the prosecution was served with the claim of appeal via first-class mail.

Next, defendant contends that the circuit court did not have jurisdiction to consider the prosecution's motion for reconsideration because it was not timely filed. I disagree.

A motion for reconsideration "must be served and filed not later than 21 days after entry of an order deciding the motion." MCR 2.119(F)(1); See MCR 7.110 (providing that "[m]otion practice in the circuit court appeals is governed by MCR 2.119"). In this case, the circuit court entered an order of acquittal on December 26, 2018. Thirteen days later, on January 10, 2019, the prosecution filed a motion for reconsideration. The motion was entered into the register of actions on January 18, 2019. This discrepancy in the date of filing versus the date that the motion was entered into the register of actions was addressed by the circuit court. The circuit court concluded that, while the register of actions reflected that the prosecution's motion was filed on January 18, 2019, the prosecution's motion was timely electronically filed on January 10, 2019. I agree because "[r]egardless of the date a filing is accepted by the clerk of the court, the date of filing is the date submitted." MCR 1.109(G)(5)(b). Therefore, the circuit court properly concluded that the prosecution's motion was timely filed.

## B. DOUBLE JEOPARDY

Defendant finally argues that double jeopardy bars retrial because the circuit court initially concluded that insufficient evidence was presented to support her conviction and entered an order of acquittal. I disagree.

"A double jeopardy challenge presents a question of law that we review de novo." *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001). Likewise, claims of instructional error and issues of law arising from jury instructions are reviewed de novo as a question of law. *People v Mitchell*, 301 Mich App 282, 285-286; 835 NW2d 615 (2013).

"The United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense." *People v Ackah-Essien*, 311 Mich App 13, 31; 847 NW2d 172 (2015); US Const, Am V; Const 1963, art 1 § 15. The Double Jeopardy Clauses in the United States and Michigan Constitutions are construed consistently with each other. *People v Szalma*, 487 Mich 708, 716; 790 NW2d 662 (2010). "The purpose of the double jeopardy provision is to prevent the state from making repeated attempts at convicting an individual for an alleged crime." *People v Torres*, 452 Mich 43, 63; 549 NW2d 540 (1996). Our Supreme Court explained that the Double Jeopardy Clause provides the following protections: (1) protection "against a second prosecution for the same offense after acquittal[;]" (2) protection "against a second prosecution for the same offense after conviction[;]" and (3) protection "against multiple punishments for the same offense." *Id*. at 64 (quotation marks and citations omitted). "The interests underlying these protections are quite similar. When a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense." *United States v Wilson*, 420 US 332, 343; 95 S Ct 1013; 43 L Ed 2d 232 (1975). "By contrast, where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *Id*. at 344.

Generally, the Double Jeopardy Clause does not prohibit the retrial of a defendant whose conviction was set aside as the result of an error that occurred at trial. *People v Setzler*, 210 Mich

App 138, 139-140; 533 NW2d 18 (1995). However, if a defendant's conviction is reversed due to insufficient evidence, "double jeopardy bars reprosecution where the elements of the subsequent crime charged are identical to the elements of the original crime charged." *Id*. at 140. Moreover, the Double Jeopardy Clause bars retrial following a court-decreed mid-trial acquittal, even if the acquittal is based upon an egregiously erroneous foundation. *Evans v Michigan*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013). In *Evans*, the trial court entered a midtrial directed verdict of acquittal based upon its view that the prosecution failed to present sufficient evidence of a particular element of the charged offense. *Id.*, 568 US at 315. However, the "unproven 'element' was not actually" required for a conviction. *Id*. The United States Supreme Court held that the midtrial acquittal constituted an acquittal on the merits even though it was based on the "erroneous addition of a statutory element . . . ." *Id*. Nonetheless, and importantly to the instant case, the Supreme Court noted that "[i]f a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because reversal would result in reinstatement of the jury verdict of guilty, not a new trial." *Id*. at 330 n 9. The majority opinion, in its footnote 6, recognizes these principles, citing *Smith v Massachusetts*, 543 US 462, 467; 125 S Ct 1129; 160 L Ed 2d 914 (2005) and *People v Jones*, 203 Mich App 74, 79 n 1; 512 NW2d 26 (1993).

In the instant case, the Double Jeopardy Clause does not prohibit the prosecution from retrying defendant. There are two different rulings in this case that require differentiation: the circuit court's reversal of its own order of acquittal, and its subsequent order remanding for a new trial based on evidentiary and instructional error. The majority appears to conflate these aspects of the case. Defendant was convicted by a jury for resisting and obstructing a police officer in the district court. She then appealed her conviction to the circuit court. The circuit court, acting as an intermediate appellate court, entered an order of acquittal after apparently concluding that the jury was improperly instructed and that the evidence was insufficient to support defendant's conviction. The prosecution moved for reconsideration of that order, arguing that it had not been served defendant's claim of appeal and that the proper remedy for instructional error was to remand for retrial. After determining that defendant failed to serve the claim of appeal on the prosecution, the circuit court vacated its order of acquittal. The prosecution was permitted to seek reconsideration of the order of acquittal because the circuit court was sitting as an appellate court reviewing defendant's jury conviction. See *Evans*, 568 US at 330 n 9. Moreover, the circuit court had the authority to reverse its prior order of acquittal on reconsideration. MCR 7.114(D); MCR 2.119(F). See also *People v Walters*, 266 Mich App 341, 349-350; 700 NW2d 424 (2005) (the circuit court, sitting as an appellate court, has the inherent ability to reconsider a judgment or order under MCR 2.119(F)). The acquittal had not yet become "final" because the prosecution could appeal to a higher appellate court. See *People v Oros*, 502 Mich 229, 234; 917 NW2d 559 (2018) (overruling this Court's decision concluding that the evidence was insufficient to support a conviction for first-degree premeditated murder and reinstating the defendant's first-degree murder conviction). Additionally, because defendant was convicted by a jury and the verdict was set aside by the circuit court acting as an appellate court, double jeopardy did not preclude reinstatement of the jury verdict. *Evans*, 568 US 330 n 9; *Smith*, 543 US 467.[5] In sum, after the circuit court properly set

---

[5] In its written opinion on defendant's delayed application, the circuit court concluded that because the lawfulness of the officers' conduct was an element of the charged offense and the parties were

-7-

aside its order of acquittal on appeal and ordered defendant to file a delayed application, defendant's conviction was logically reinstated until the delayed application was considered and decided.

After defendant filed her delayed application to appeal, the circuit court ultimately agreed with the parties that the district court erred by prohibiting evidence related to the lawfulness of the officers' actions. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012) (stating that the prosecution must establish that the officers' actions were lawful in a case in which the defendant is charged with resisting or obstructing a police officer). The circuit court then set aside defendant's conviction, and remanded the case to the district court for retrial based on the evidentiary and instructional error. The Double Jeopardy clause, as previously stated, does not prohibit the retrial of a defendant whose conviction was set aside as the result of an error that occurred at trial. *Setzler*, 210 Mich App 139-140. Therefore, the circuit court's remand for a new trial was the proper remedy upon deciding defendant's delayed application for leave to appeal.

To summarize, I respectfully suggest that the majority conflated two separate principles: the circuit court appellate error in entering an order of acquittal, which was subsequently remedied by the circuit court itself, and the circuit court remanding for a new trial. Because post-conviction orders of acquittal are subject to reversal and reconsideration, reversal of the order of acquittal was appropriate. And, because pre-trial legal errors entitle a defendant to a new trial, remand for a new trial was also appropriate.

/s/ Jane M. Beckering

---

prohibited from presenting evidence in that regard, "if this court determined the actions of the officers in this case were not lawful, this court would be committing the same error [as the district court] in usurping the jury's function." See *People v Kowalski*, 489 Mich 48; 501; 803 NW2d 200 (2011) ("A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense.").