# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP490-D |
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against Colleen R. T., Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Colleen R. T.,<br>      Respondent. |

MEDICAL INCAPACITY PROCEEDINGS
AGAINST COLLEEN R.T.

| | |
|---|---|
| OPINION FILED: | June 3, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP490-D

STATE OF WISCONSIN          :        IN SUPREME COURT

**In the Matter of Medical Incapacity Proceedings Against Colleen R.T., Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Colleen R.T.,**

        **Respondent.**

**FILED**

**JUN 3, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license indefinitely suspended.*

¶1 PER CURIAM. We review, pursuant to Supreme Court Rule (SCR) 22.341(2),[1] a report filed by referee Dennis J. Flynn,

---

[1] SCR 22.341(2) provides:

> If no appeal is timely filed, the supreme court shall review the report of the referee and order the suspension of the respondent's license to practice law, the imposition of conditions on the respondent's practice of law, or other appropriate action. The court may order the parties to file briefs in the matter.

recommending the court grant Attorney Colleen R. Tyree's request for indefinite suspension of her license to practice law pursuant to SCR 22.34(11)(a)[2] based on her medical incapacity.

¶2 Attorney Tyree was admitted to practice law in Wisconsin in 2004. Her Wisconsin license status is currently in good standing. She is also admitted to practice law in Illinois and, as of the date of the evidentiary hearing, was authorized to practice law in that state. She resides in Illinois.

¶3 On March 1, 2013, the Office of Lawyer Regulation (OLR) filed a petition pursuant to SCR 22.34(8) alleging that it had received information indicating Attorney Tyree was suffering from a psychological disorder rendering her medically incapacitated. The OLR sought indefinite suspension of her license to practice law.

¶4 The OLR's petition discloses that Attorney Tyree's September 2012 responses to the OLR's initial inquiries were troubling and substantiated the OLR's concern regarding her mental well-being. On November 29, 2012, the Cook County circuit court appointed a Temporary Guardian of the Person and Estate of [Attorney Tyree].

---

[2] SCR 22.34(11)(a) provides, in pertinent part:

> An attorney who is the subject of an investigation or petition for possible medical incapacity may request the indefinite suspension of the attorney's license to practice law. The request shall state that it is filed because the petitioner cannot successfully defend against the allegations of medical incapacity.

¶5 In January 2013, the Illinois court extended the temporary guardian's appointment and Attorney Tyree was involuntarily hospitalized in Cook County.

¶6 Initially, Attorney Tyree disputed the OLR's assertion that she suffered from a medical incapacity warranting indefinite suspension of her license to practice law. This court appointed referee Dennis J. Flynn on June 18, 2013, and, following a series of pre-hearing matters, the referee conducted a final hearing at which Attorney Tyree appeared by counsel.

¶7 During the course of the hearing, the parties reached an agreement whereby Attorney Tyree asked that her license to practice law in Wisconsin be indefinitely suspended, consistent with SCR 22.34(11). The OLR supports this request.

¶8 The referee took care to ensure that a record was created that demonstrates that Attorney Tyree met the requirements of SCR 22.34(11)(a). The referee was mindful that he needed to evaluate her statements in the context of whether she was, in fact, freely and voluntarily requesting the suspension of her law license because she believed she could not successfully defend against the allegations the OLR made regarding her medical incapacity.

¶9 Ultimately, the referee concluded that the "record reflects that Respondent did freely, knowingly and voluntarily request the indefinite suspension of her attorney's license to practice law in Wisconsin at the Final Hearing on 18 November 2013." The referee noted that in "unequivocal language" Attorney Tyree acknowledged she could not successfully defend

3

against the allegations made by the OLR of her medical incapacity. Attorney Tyree had the benefit of counsel in making her decision. The referee carefully reviewed her responses and noted that she confirmed that she was aware the suspension could "be forever." Attorney Tyree also understood that in order to seek reinstatement, she will have the burden of showing that her medical incapacity has been removed and that she is fit to resume the practice of law with or without conditions. See SCR 22.36.

¶10 Accordingly, the referee recommends we grant the request of Attorney Tyree to indefinitely suspend her license to practice law in Wisconsin under SCR 22.34(11), that all the pleadings and documents filed in this case remain confidential to the extent possible, and that we impose the full costs of this proceeding on Attorney Tyree.

¶11 Based on the agreement of the parties and the findings and recommendation of the referee, which this court approves and adopts, we conclude that Attorney Tyree currently suffers from a medical incapacity that substantially prevents her from performing the duties of an attorney to acceptable professional standards.

¶12 IT IS ORDERED that the request is granted and the license of Colleen R. Tyree to practice law in Wisconsin is suspended indefinitely, effective the date of this order and until reinstated by this court.

¶13 IT IS FURTHER ORDERED that all pleadings and documents filed by the parties in this matter are confidential until further order of the court.

¶14 IT IS FURTHER ORDERED that, to the extent she has not already done so, Colleen R. Tyree shall comply with the requirements of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶15 IT IS FURTHER ORDERED that Colleen R. Tyree is directed to pay the full costs of this proceeding, which total $14,105.14 as of January 2, 2014.